## JOHNSON v. FRAZEE.

1. In proceedings to enforce a mechanics' lien, the petition was filed in court and an order obtained requiring defendant to appear and answer, which, together with the petition, was served upon defendant. *Held,* that the proceeding was regulated by a special statute and not by the code, that therefore defendant was properly in court, a summons not being necessary. *Gen. Stat.,* ¿ 2363.
2. In such proceeding it was error to give a personal judgment against defendant for any deficiency that might remain after a sale of the property covered by the lien.
3. Findings of fact by master, concurred in by the Circuit judge, approved.
4. An exception to a Circuit decree alleging error " in overruling exceptions to master's report," alleges no specific error and cannot be considered.

Before HUDSON, J., Richland, April, 1883.

This case came up on appeal upon the following exceptions to the Circuit decree :

1. " Because his Honor overruled the exceptions of P. F. Frazee, the respondent, to the master's report, and confirmed the said report.

2. " Because his Honor ruled, and erred in ruling, that this matter was a special proceeding, and not an action, and that no summons need be issued and served in said cause.

3. " Because his Honor erred in holding that the contract between Johnson and Frazee was complied with and fulfilled, when the preponderance of the testimony, in fact, all of it, except the plaintiff's, showed that the contract was not completed.

4. " Because his Honor held that this cause was a special proceeding, yet, in his judgment and decree, gives judgment against Phineas F. Frazee, the respondent, for any deficiency which may arise, with leave for execution to issue—this being the touchstone to ascertain and determine whether it be an action or special proceeding."

Other matters are stated in the opinion.

*Mr. John Bauskett,* for appellant.

*Mr. John T. Sloan, Jr.,* contra.

March 10th, 1884. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. Two questions of law are presented in this appeal, to wit : 1st. Whether, in the enforcement of a mechanics' lien under the statute, the owner of the property may be brought into court by an order based upon the petition of the creditor, or is a summons necessary ? 2d. Whether judgment may be given for the excess of the claim in the event that the property fails to pay the debt.

The sections of the statute applicable to this subject are found in general statutes, pages 669 and 670, sections 2356, 2359 and 2363. The first provides " that the lien may be enforced by petition to the Court of Common Pleas for the county where the building or structure is situated. The petition may be filed in term, or in the clerk's office in vacation, and the date of the filing shall be deemed the commencement of the suit." The second, that " the petition may be served with the summons or filed with the clerk, and shall be returned and entered as other civil actions." And the third, " that the court in which the petition is entered shall order notice to be given to the owner of the building or structure that he may appear and answer thereto at a certain day in the same term, or at the next term, by serving him with an attested copy of the petition, with the order of the court thereon, fourteen days, at least, before the time assigned for the hearing ; and the court shall also order notice of the filing of the petition to be given to all creditors who have a lien of the same kind upon the same estate by serving them with a copy of the last-mentioned order in like manner."

The proceeding below was commenced by petition, upon the reading of which, and it appearing by the certificate of the clerk of the court for Richland county that said petition had been filed in his office, Judge Kershaw, in pursuance of the provisions of the last section of the act above, ordered that the appellant, Frazee, be served with a copy thereof, and also with a copy of

his order, and that he do appear and answer the same on November 14th, 1882, "provided the said court is in session, and, if not, then on the first day of the next term of the Court of Common Pleas to be holden for the county of Richland, on the Monday after the fourth Monday of March, 1883."

The defendant, Frazee, in obedience to this order, appeared and answered, submitting, with other defenses, that the action had been improperly brought, as no summons had been issued, and that the case should have been commenced by issuing a summons with the petition, and should have been returned and docketed by the clerk as any other civil case. The argument of the appellant is, that this proceeding is a civil action, and the mode of proceeding therein must be the same as in other civil actions under the code, except that the statement of the cause of action is presented by petition instead of by complaint. Whether the proceeding is to be styled a civil action or a special proceeding makes but little difference; whatever it may be, it is governed by the act which provides it, and not by the code. It is a statutory proceeding intended to enforce a specific statutory right, and it is appropriate only where that right is in question. Its character, nature and mode of procedure, therefore, depend upon the act which affords it. The sections of this act applicable to the question have been stated above.

No doubt, had section 2359 been followed, and, accordingly, had the petition been served with a summons instead of being filed in the clerk's office and an order of notice obtained, as was done in this case, the proceeding would have been valid and unobjectionable; but this mode is not imperative or exclusive; if so, section 2363 is a nullity. We can see no reason why section 2363 should apply only in cases where the proceeding is, in the first instance, against the contractor, and it becomes important to make the owner a party, as contended by appellant. There is certainly nothing in the language of the section which confines it to such cases, and there can be no reason peculiar to such a case why the owner should be brought in under a fourteen days' notice by order from the court then, and by a twenty days' summons in other cases when he is the only defendant. Section 2363 is explicit, that the court in which the petition is filed

should order notice to be given to the owner. &ast; &ast; &ast; This has been done in this case; the party has appeared and answered, and we see no legal necessity that a summons should have issued also.

We think there was error in so much of the judgment below as allowed the respondent to have execution for any deficiency that might exist after applying the proceeds of sale of the land. The extent of the remedy afforded by the act, is to enforce the lien upon the property covered. There is no provision for judgment for the excess, if any, to be rendered in the statutory proceeding provided. We do not feel authorized to disturb the findings of fact below. They are not without testimony. Exception one alleges no specific error, and is in conflict with rule V. of this court, and therefore cannot be considered.

It is the judgment of this court that the judgment below be modified so as to reverse so much thereof as allows execution to the appellant for any deficiency in his claim after the application of the proceeds of sale of the land. In all other respects the judgment below is affirmed.