## MURPHY v. VALK.

1. In a proceeding to foreclose a mechanic's lien, where there is no suggestion that there are other liens outstanding, and no motion by either party for inquiry on this point, an order of reference to the master to inquire and report is unnecessary; and being made, it is not a legal ground of objection that the master based his report upon an *ex parte* official certificate.

2. The registry act (Gen. Stat., §§ 1776, 1777), when construed in connection with the mechanic's lien act (Gen. Stat., § 2354), does not require a mechanic's lien to be proved by a subscribing witness; and if it did, the mechanic's lien law being of later date than the other, repeals so much of the registry law as requires probate of a mechanic's lien.

MR. JUSTICE McIVER, *dissenting*.

Before NORTON, J., Charleston, July, 1888.

The opinion fully states the case.

*Messrs. Smythe & Lee*, for appellant.

*Mr. J. E. Burke*, contra.

March 5, 1889. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was a proceeding to enforce a mechanic's lien, and as several preliminary questions were

raised, principally as to forms of procedure, it will contribute to clearness to make a short statement; and that of the appellant is substantially adopted.

The plaintiff filed his petition, alleging that in pursuance of an agreement made with the defendant, he had built a house for her on a lot in Charleston ; that he had done certain extra work, and had been to extra expense, because of the effects of the earthquake, which the defendant had agreed to pay ; that he had completed the building and ceased to labor on it on June 18, 1887, and on August 10, 1887, filed his mechanic's lien in the registry of mesne conveyance office, a copy of which he annexed. He claimed as a balance due him $1,612.42, and asked that said sum be adjudged a lien on the property, and that the same be sold under the order of the court for the satisfaction thereof, &c. The paper called "mechanic's lien" was sworn to on August 10, 1887, but its "execution" was not proved by the affidavit of a subscribing witness. It was, however, left in the office of the register, and copied by him in the books of that office on the day it was dated. (See Brief.)

The defendant filed her answer, denying the allegations of the petition not specifically admitted. As a first defence, as matter of law, she denied the plaintiff's right to bring the action, because of his having no lien; that if he ever had one, it had been dissolved, because he had failed to have his statement "recorded" in accordance with the provision of law. Second, she admitted that she was the owner of the premises, but that the agreement between her and the plaintiff was in writing, of which she exhibited a copy. She denied that she was indebted to him in the amount claimed, or in any amount. She denied that he had fulfilled his contract, or even completed the building. Third, she set up by way of counter-claim, that a very large portion of the work was so poorly done that it would have to be done over ; that she had already expended large sums, in the effort to make the house weather-tight and inhabitable, and that the plaintiff was in fact indebted to her in the sum of $1,000, for which she asked judgment. The plaintiff replied, denying the allegations of the counter-claim, and, as matter of law, averring that no counter-claim was admissible in a proceeding to enforce a mechanic's lien.

The cause being on calendar No. 2, the plaintiff moved that all the issues of fact be referred to a jury at the then term of the court, which was refused. But the judge ordered a reference to one of the masters, Charles Richardson Miles, Esq., to ascertain and report to the court, with all convenient speed, whether or not there were other liens of the same kind upon the estate described in the petition. To this order the defendant excepted on the grounds, (1) that the cause had not been on the calendar 14 days before the court;[1] and (2) because the case was called out of its regular order, and that the order of reference was made irregularly and without notice. On July 9, 1888, the master filed his report, stating, among other things, "that the register of mesne conveyance, in his certificate attached, states that, having examined the indices of his office, he finds no lien there but the plaintiff's," &c. To this report the defendant put on file exceptions as follows:

"I. Because the order of reference was without warrant of law, for the reasons given in the exceptions filed thereto.

"II. Because the master proceeded under said order of reference and made his report to the court without notice of any kind to the defendant or her attorneys.

"III. Because neither the defendant nor her attorneys had any knowledge whatever of the proceedings by the master under the order, or that any proceedings at all were being or had been had, or that any report had been filed, until casual information reached her attorneys of the filing of the report three days after.

"IV. Because the master erred in his report in quoting the allegations of the petition, unsupported by any testimony and denied in the sworn answer, the same not being testimony, nor furnishing him any ground upon which to base his report.

"V. Because the master erred in assuming and reporting that the building in question was completed on a certain day or was completed at all, there being no testimony whatsoever to warrant such a finding.

---

[1] The cause had been put on calendar 1 in due time. Upon its call, the cause was transferred to calendar 2 on defendant's motion. This exception made the point that it had not been on calendar 2 for fourteen days before the opening of the court.—REPORTER.

VI. "Because the master erred in reporting that he had no means of ascertaining whether or not any other mechanic's lien had been created, &c.; whereas the master could easily have ascertained that fact by taking the testimony of parties in position to know, or by adopting the method prescribed by the act and publishing therefor.

"VII. Because the certificate of the register of mesne conveyance, attached to the master's report, is not conclusive proof that no other liens than that of the petitioner exists," &c., &c.

When the case was reached, the Circuit Judge—stating that the reference had been ordered simply for his own information, as to whether there were other creditors claiming like liens with that of the plaintiff—declined to consider the above exceptions, but heard the following questions of law: (1) Whether or not the alleged statutory lien had been so "recorded" as to make it in that particular valid; as to which he held that the lien was legally recorded. (2) Whether the defendant was entitled to set up her counter-claim in the action; as to which he held that the defendant had the right to set it up to the extent she may be able to prove the same. "It then appearing to the court, that material questions of fact arise in the case, and a trial of the same by jury having been required," he ordered the case transferred to calendar No. 1, for the trial by jury of certain "issues" which are set out in the record and need not be restated here. From this order the defendant appeals to this court upon the exceptions:

I. "Because his honor erred in not disposing, in some way, of the report of the master, duly made and filed in the cause, after a reference duly ordered.

II. "Because his honor having, by order in due and ordinary form, referred it to the master to inquire into and report upon certain facts arising in the cause, should have first received and disposed of the report of the master, before proceeding further in the cause.

III. "Because a reference having been ordered in due form and a report made by the master, it was the right of the defendant to file exceptions thereto, and his honor erred in refusing to consider such exceptions duly filed and brought to his attention.

IV. "Because there is nothing in the record to indicate that

the reference ordered was to be governed by any other than the ordinary rules of practice prevailing in the court, and even if the reference was ordered for the information of the court, this did not do away with the necessity of receiving and acting upon the report, or with the right of either party to except thereto.

V. "Because his honor erred in holding that the paper claimed by the plaintiff as constituting his lien upon the defendant's property had been legally recorded, so as to give the plaintiff a valid lien under the statute.

VI. "Because his honor erred in holding that the plaintiff was entitled under the facts of the case, as stated in his order, to have a statutory lien upon the property of the defendant," &c.

The first four exceptions make complaint of the mode of procedure adopted by the Circuit Judge in regard to the inquiry, whether or not there were other creditors having liens of the same kind with that of the plaintiff on the estate described in the petition. Under the reference made, the master was not authorized to decide anything, and he did not undertake to do so, but simply referred to the petition of the plaintiff and the statute law upon the subject as to the necessity for recording, and reported as follows: "The register of mesne conveyance of Charleston County, in his certificate hereto annexed, states that, having examined the indices to the records of his office from 1880 to July 9, 1888, he finds only the mechanic's lien on the premises (describing them) of J. D. Murphy v. Elizabeth W. Valk, recorded August 10, 1887, in book K., &c. I have, of course, no means of ascertaining whether or not any other mechanic's liens may have been created since the building was completed, the time for recording which has not expired," &c.

It did not appear that any claim was made that there were other lien creditors or motion to bring in other parties, or that any have since appeared. The judge was not required by law to make publication for them. But doubtless, seeing the direction in section 2363, *General Statutes*, as to giving notice of the filing of the petition "to all other creditors who have a lien of the same kind upon the same estate," he probably ordered the inquiry as to the existence of other lien creditors simply as a precaution and "to make assurance doubly sure." We have no

doubt it was done in an earnest desire to administer the law fully and faithfully. But it was not necessary—neither of the parties had a right to it or moved for it, and the trial could have gone on without any such reference. The judge seems to have been satisfied with the information received and proceeded with the case. We are unable to see that this prudent course of the judge was either error of law or in any way whatever injured the defendant. "The party alleging an error of law must make it clearly appear, not only that some erroneous ruling has been made, but that he has been prejudiced thereby as to the merits of his case." *Trotter* v. *Robinson*, 6 S. C., 410 ; *Devereaux* v. *Cotton Press Company*, 17 *Id.*, 66.

Then, as to whether the judge erred in holding that the paper claimed by the plaintiff as constituting his lien upon the defendant's property was "legally recorded. so as to give the plaintiff a valid lien under the statute." The law as to the mechanic's lien is purely statutory, and therefore in that sense the rights given by it may be called legal ; but the act which brought them into existence also provided certain machinery for enforcing them, which in general character partakes somewhat of the nature of equitable proceedings. The rule in such case is believed to be that, in enforcing the rights so given, the special machinery provided for that purpose must be strictly followed. See *Kennedy* v. *Reames*, 15 S. C., 548 ; *Ex parte Lewie*, 17 *Id.*, 156.

Section 2350, *General Statutes*, provides as follows: "Any person to whom a debt is due for labor performed or furnished, or for materials furnished and actually used in the erection. alteration, or repair of any building or structure upon any real estate, by virtue of an agreement with or by consent of the owner, * * shall have a lien upon such building or structure, and upon the interest of the owner thereof in the lot of land upon which the same is situated, to secure the payment of the debt so due to him," &c. Section 2354. as amended in 1884 (18 *Stat.*, 823), provides that, "Such lien shall be dissolved, unless the person desiring to avail himself thereof within ninety days after he ceases to labor or to furnish labor or material for such building or structure, files in the office of the register of mesne conveyance of the county in which the same is situated a statement of a just and true

account of the amount due him, with all just credits given, together with a description of the property, &c., which certificate shall be subscribed and sworn to by the person claiming the lien, * * and shall be recorded in a book kept for the purpose by the register, who shall be entitled to the same fees therefor as for recording mortgages of equal length. The delivery to the register for filing, as hereinbefore provided, shall be and constitute the delivery contemplated with regard to such liens in section 1776, General Statutes," &c.

These provisions show that the mechanic's lien arises from doing the work, &c., but that it will be dissolved, unless the party wishing to avail himself of it does certain things described in the act, in a particular way, and within a given time. It seems that the claimant here did all that the act expressly required of him, and in the manner directed. The statement or certificate subscribed and sworn to, was filed in the register's office and by him copied into the proper book and within the time limited. But it is contended that, although the paper was copied into the proper book, it was not properly and technically "recorded," so as to prevent the dissolution of the lien; for the reason that it was not thereby "proved" so as to entitle it to registry under the general registry law of 1876 (*Gen. Stat.*, §§ 1776, 1777), which provides that "before any deed or instrument in writing can be recorded in the proper office, the execution thereof shall be first proved by the affidavit in writing of a subscribing witness to such instrument," &c.

Upon this subject it might be sufficient to say, that the claimant proceeded, as we think he was bound to do, in accordance with the special provisions of the act under which he claimed his lien. But we incline to think that there is no conflict between the provisions of the mechanic's act and the registry law in regard to the proof necessary to entitle a mechanic's lien to registry. It is true that the first section of the registry law (*Gen. Stat.*, § 1776), which specifies the papers necessary to be recorded within 40 days, so as to affect subsequent creditors or purchasers, is in its terms very general—"all instruments in writing now required by law to be recorded," naming, among others, "certificates of renunciation of dower," "statutory liens on buildings, lands,"

&c. But in reference to instruments required to be recorded, the language is, "delivered or executed," and afterwards in different form repeated, "delivery or execution;" indicating, as it seems to us, two classes of cases to be recorded, one "executed," that is to say, merely signed by the parties, signed, sealed, and delivered, and, of course, needing sworn proof of "execution," such as deeds, mortgages, &c.; and the other ready for recording on mere "delivery," as "certificates of renunciation of dower," "mechanic's liens," &c. This view is strengthend by the context of the second section (sect. 1777), which relates exclusively to the "probate" necessary for recording the different instruments. It will be observed that it entirely omits and drops the word "delivered," providing that "before any deed or instrument in writing can be recorded, the execution thereof shall first be proved by affidavit," &c., but making no reference to the proof of those papers which need no further "execution," and are ready for recording upon mere "delivery."

This view is still further supported by the mechanic's act itself, one section of which, as amended in 1884, expressly declares "that the delivery to the register for filing, as hereinbefore provided, shall be and constitute the 'delivery,' contemplated with regard to such liens in section 1776 [registry act] of the General Statutes." What did this express reference to the "delivery" in section 1776 of that act mean, unless it was as to the matter of recording, to put the mechanic's lien therein declared, into that class of cases which, although required by that section to be "delivered" for registry, yet was not covered by section 1777, prescribing the mode of "probate" only in cases where the instrument is signed, sealed, and delivered by the parties, and therefore needs sworn proof of "execution"?

But if we are mistaken in this, and there is real conflict between the acts as to the proofs necessary for recording a mechanic's lien, we suppose that there can be no doubt that the amendment of the mechanic's act (1884), being subsequent to the registry law (1876), repealed any provision in that law which was inconsistent with it. The second section of the amendment declares "that all acts and parts of acts inconsistent with this act are hereby repealed." The special provisions of this act, as to

the manner of recording a mechanic's lien, is the law which must govern, and as we think this has been the unvarying practice heretofore in all such cases, we cannot say that the judge below committed error in holding that the lien was legally "recorded."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

Mr. CHIEF JUSTICE SIMPSON concurred.

Mr. JUSTICE McIVER. I dissent, and hope hereafter to be able to find the time to give my reasons.