## TENNEY v. ANDERSON WATER, LIGHT AND POWER CO.

MECHANIC'S LIEN—SET OFF.—In statutory proceeding to enforce me-
chanic's lien, defendant may set off against claim of builder amount
provided for in contract as liquidated damages for delay in complet-
ing work beyond time set in the contract, defects in the work, and
damage to the work caused by abandonment by builder.

Before DANTZLER, J., Anderson, October, 1903.    Af-
firmed.

Proceeding to enforce mechanic's lien by Geo. O. Tenney

against Anderson Water, Light and Power Co. *et al.* From Circuit order allowing defendant to amend its answer, the plaintiff appeals.

*Messrs. Mordecai & Gadsden, Bonham & Watkins* and *Quattlebaum & Cochran,* for appellant, cite: 19 Ency. P. & P., 719, 721; 67 S. C., 11.

*Messrs. Tribble & Prince, Haynesworth, Parker & Patterson, contra.* The latter cite: 20 Ency., 366; Boisot on Mech. Liens, sec. 589; Phil. on Mech. Liens, sec. 423; 1 Bay, 16; 13 Lea, 440; 108 Ala., 508; 20 Ency., 371; 29 Ency., 1 ed., 906; 61 S. C., 459; 14 Mass., 281; 2 Wall., 1; 22 Ency., 1 ed., 362; 88 Wis., 287; 67 N. H., 94; 167 Ill., 233; 41 Ohio St., 373; 100 Calif., 256; 59 Am. St. R., 277; 42 Mich., 100; 25 N. Y., 272; 3 Dutch., 513; 25 Ga., 24; 25 Conn., 530; 57 Am. D., 571; 19 Pick., 275; 15 C. C. A., 89.

July 23, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The single question presented by this appeal relates to the power of the Circuit Judge, upon due notice, to allow the defendant, the Anderson Water, Light and Power Company, to amend its answer by pleading certain facts constituting both a defense and a set off or recoupment to the plaintiff's petition to set up a mechanic's lien. The case has been before this Court once before. See 67 S. C., 11, 45 S. E. R., p. 111. The question presented on that appeal was solved by the announcement of the following conclusions: "(1) That while the plaintiff may maintain an action under the Code of Procedure on his contract in like manner as if he had no lien for the security of his debt, the statute affords the only remedy for the enforcement of the lien, and he cannot resort to an independent action under the Code for the foreclosure of such lien. (2) That the proceeding was brought under the statute. (3) That as this Court has decided that a plaintiff

or petitioner cannot, under the statutory proceeding, recover a judgment *in personam* against the defendant, there is no good reason why a defendant should be allowed to allege a state of facts that would enable him to recover a judgment *in personam* against the plaintiff. This Court is not called upon to reverse the order of the Circuit Court *in toto,* as it contains provisions from which there was no appeal, but *only in so far as it refused to strike out the counter-claim"* (italics mine).

As will be seen, this Court did not attempt to decide any question other than the refusal to allow defendant to plead a counter-claim, which being in the nature of a cross action could have enabled the defendant to obtain a judgment *in personam* against the plaintiff. Why may not a defendant, however, show in an action by the holder of a mechanic's lien for its foreclosure under proper allegations of fact, that the dam had not been completed within the time agreed upon, and that contract of plaintiff with the defendant in relation to the construction of said dam, stipulated for the payment of certain liquidated damages, asking that this be set off against any claim which the plaintiff might establish?

And again, why may not the defendant allege that the work was defectively done, so as to be very much less valuable than if it had been done according to the terms of the contract, and that the contractor had abandoned his work before the completion of the dam, leaving it in such condition that it was destroyed by a severe freshet?

Let it always be remembered that the laws of our State give the contractor this lien upon the specified property of the owner, in order that *the debt due to him* may be paid. Code of Laws, section 3008. Therefore, anything going to show that such debt is in whole or in part destroyed under the contract between the parties, is admissible in an action to foreclose the mechanic's lien. Phillips on Mech. Liens, section 493, thus states the doctrine: "The mechanic's lien on chattels, as on real estate, is simply a security for the payment of debt. Without indebtedness to the mechanic

there can be no lien * * * The lien is commensurate with the
amount due." So, also, in 20 A. & E. Ency. Law (2d ed.),
at page 366, it is said: "In order to claim a mechanic's lien,
the claimant must show that he has performed his contract,
or that he has been prevented from so doing by the other
party thereto, or that the performance has been waived."
Again: "when a contractor carries out his contract to furnish
material, but not as punctually as the contract provided, he
is entitled to a lien, *though damages for the delay may be
recouped from the contract prices*" (italics mine). Also, in
Boisot on Mechanic's Liens, section 359: "The owner may
also recoup damages arising from the breach of the me-
chanic's warranty." Also, again by the same author: "The
owner may recoup as against a mechanic's lien, damages
arising from failure to perform a contract properly. Thus
he may show that the building was not completed in time,
that defective material was used, or that the work was de-
fectively done." In *Winder* v. *Caldwell,* 14 Howard, 434,
the United States Supreme Court, in a case between builder
and owner, held that the Circuit Court in its trial of the issue
between said parties erred when it refused to allow testimony
to be offered tending to show that the builder was guilty of a
delay in completing his work, when under his contract said
builder had stipulated that such delay per day should cause
a forfeiture of $25 a day, and also when such testimony
tended to show that the building material was not up to the
contract. Many additional authorities might be cited.

The case of *Cook* v. *Rhine,* 1 Bay, 16, while not strictly in
point, shows that a loss occasioned by the delay of the builder
was a proper set off against the contract price of the building
contracted for between the builder and the owner.

This Court is clearly of the opinion that the Circuit Judge
committed no error in allowing the defendant to amend its
answer, as set out in the case for appeal.

It is the judgment of this Court, that the judgment of the
Circuit Court be, and it is hereby, affirmed.