### SPEARS v. DuRANT.

1. An EXCEPTION stating an excerpt from the charge in which it clearly appears that it was intended to present only a single proposition is not too general.

2. LIQUIDATED DAMAGES—MECHANIC'S LIEN.—Defendant in action to enforce mechanic's lien may set up defense of unliquidated damages for failure to complete work in proper time without provision in contract as to liquidated damages in case of delay in construction.

Before KLUGH, J., Lee, March, 1905. Reversed.

Action by J. M. Spears against Mary A. DuRant. From judgment for plaintiff, defendant appeals.

*Messrs. McLaughlin & Herndon,* for appellant. No argument furnished Reporter.

*Messrs. McLeod & Dennis,* contra, cite: *Exceptions too general:* 46 S. C., 75; 51 S. C., 535; 60 S. C., 527; 59 S. C., 162; 52 S. C., 166; 51 S. C., 56; 30 S. C., 170; 43 S. C., 99; 40 S. C., 537. *It is not error to instruct jury there is no evidence on a point:* 69 S. C., 453. *No definite time having been fixed here for completion of work, unliquidated damages could not be set up:* 69 S. C., 430, 453. *But if error it was harmless:* 17 S. C., 72.

January 14, 1907.  The opinion of the Court was delivered by .

MR. JUSTICE GARY. This is an action for the enforcement of a mechanics lien.  His Honor, the presiding Judge, made certain rulings, which are set forth in the following exceptions:

"I. His Honor, Judge Klugh, erred in charging the jury as follows: 'If the plaintiff actually performed the contract, and did it in a reasonable time, that meets all the obligations he made and fixed the liability of the defendant to pay.'  This charge was directly on the facts of the case.

"II. His Honor erred in charging the jury as follows: 'But in this case there is nothing alleged that there was any time limit fixed beyond which the plaintiff would forfeit anything for each day the building remained unfinished, and therefore there is no such thing as liquidated damages in this case.'

"III. He erred in charging the jury the following propositions, submited to the Court by the plaintiff's counsel: 'There being no evidence in this case to show that there was any agreement as to liquidated damages in case of delay in the construction of the building, even if the jury find that there was delay in the construction, damages for delay cannot be set up against the plaintiff's claim.'  'If the jury find from the evidence that there was no agreement as to liquidated damages in case of delay in the construction of the building, even if they find that there was delay in the construction, they cannot set this up against the claim of the plaintiff.' "

The respondent's attorneys object to the consideration of the exceptions on the ground that they fail to comply with Rule V. of this Court, which requires that "an exception for the purpose of an appeal must contain a statement of the proposition of law or fact which it is desired to review," and that they are, therefore, too general. In general, an exception fails to comply with said Rule when

it merely contains an excerpt from the Judge's charge; but when it clearly appears that it was intended to present only a single proposition, it is not subject to the objection that it is too general.

The exceptions herein raise the question whether the defendant had the right to set up unliquidated damages as a defense. This question has so recently undergone investigation by this Court that we deem it only necessary to cite the case of *Tenny* v. *Power Co.*, 69 S. C.. 430, 48 S. E., 457, 67 L. R. A., 111, to show that the charge of the presiding Judge was erroneous.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.