### W. L. BRISSEY LUMBER CO. v. CROWTHER

(133 S. E., 208)

1. Mechanics' Liens—Circuit Judge Held to Have Properly Submitted to Jury Question of Whether Plaintiff in Doing Repair Work for Which Mechanic's Lien Was Claimed Was Simply Making Good on Its Previous Contract Under Which It Erected House on Which Repairs Were Made.—In action of foreclosure of mechanic's lien, Circuit Judge *held* to have properly submitted to jury question of whether plaintiff in doing repair work for which lien was claimed was simply making good on its previous contract under which it erected house on which repairs were made.

2. Mechanic's Liens—Defense of Set-off to Action to Foreclose Mechanic's Lien, Alleging Damages for Plaintiff's Failure to Complete Contract Under Which It Built House on Which Repairs Were Made, Held Properly Submitted to Jury, Being Treated as Recoupment, Although Spoken of as Set-off.—In action to foreclose mechanic's lien, defense of set-off for damages

for breach of contract by plaintiff in building house on which re-
pairs for which lien was claimed were made *held* properly sub-
mitted to jury, where set-off, although being spoken of as such:
throughout trial, was regarded and treated by Court and all parties.
as recoupment.

3. APPEAL AND ERROR—ADMITTING TESTIMONY OF PRESENT APPEARANCE
OF HOUSE IN ACTION TO FORECLOSE MECHANIC'S LIEN, IF ERROR, WAS.
HARMLESS, WHERE JURY, BY VERDICT OF RECOUPMENT IN FAVOR OF
DEFENDANT OF AMOUNT CLAIMED FOR REPAIRS, INDICATED THAI
PLAINTIFF WAS ONLY MAKING GOOD ON ORIGINAL CONTRACT.—
Where jury, in action to foreclose mechanic's lien, by their ver-
dict allowed recoupment in favor of defendant of amount claimed
by plaintiff for making repairs, indicating that plaintiff was liable
to make good . on contract under which it built house originally,
*held,* that, if admitting testimony as to present appearance of house
as element of damage was error, it was harmless.

Before MAULDIN, J., Anderson, March, 1924.    Affirmed.

Action for foreclosure of Mechanic's Lien by the W. L.
Brissey Lumber Company against A. L. Crowther. Judg-
ment for defendant, and plaintiff appeals.

*Mr. Thomas Allen,* for appellant, cites: *Foreclosure of
mechanic's lien a statutory proceeding:* 30 S. C., 262; 20
S. C., 502; Civ. Code, 1922, Secs. 5655, 5656, and 5659.
*Set-off and recoupment distinguished:* 38 Am. Rep., 777;
101 Cal., 286; 3 Hill (N. Y.), 174.    *When unliquidated
damages may be pleaded as set-off:* 7 Wait's Actions and
Defenses, 481.    *Nature of set-off:* 109 S. E., 723; 108 S. E.,
488; 100 Am. Dec., 50; 23 Am. Dec., 253; 115 A. S. R.,
866.

*Messrs. Greene & Earle,* for respondent, cite: *Latent de-
fects not waived until discovered:* 20 L. R. A. (N. S.), 872.
*Action to foreclose mechanic's lien legal in its nature:* 125
S. C., 32.    *Preexisting obligation no consideration for new
promises:* 9 C. J., 828.    *Mechanic's lien limited by indebt-
edness; owner may recoup for defective work:* 69 S. C.,
432; 76 S. C., 19.

May 12, 1926.

The opinion of the Court was delivered by MR. JUSTICE
STABLER.

The decree of the Circuit Judge states the nature of the controversy, and gives a brief history of the case. It is as follows:

"This is an action of foreclosure of a mechanic's lien. The complaint alleges that the plaintiff furnished materials and performed labor in the repair of defendant's dwelling house in the City of Anderson, County and State aforesaid; that his claim for said repairs amounts to $542.41; that he has a mechanic's lien upon the said dwelling house and the lot upon which it is situated; and that the defendant has refused to pay plaintiff's claim, or any part thereof.

"The defendant's answer denies that he owes plaintiff anything on account of said repairs, or that plaintiff has any mechanic's lien or other claim against his said property The defendant claims that the repairs made by plaintiff upon said dwelling house were made by plaintiff in fulfillment of and to make good the contract between plaintiff and defendant by which the said dwelling house was built. The defendant also claims damages against plaintiff for a breach of the contract to build said house and sets these damages up as a set-off against plaintiff's claim.

"On the opening of the Court of Common Pleas for the present term the matter was brought to the attention of the Court by the defendant, who demanded a jury trial on all of the material issues involved in the action. After some discussion, it was agreed that the material issues of fact involved in the case could be determined by submitting to the jury the following question: 'Is plaintiff entitled to recover of defendant any amount by reason of its contentions herein, and, if so, how much?' The case was tried before a jury on the 10th day of March, 1925, and the jury decided said issue in favor of defendant by answering 'No' to the above question, which was duly submitted to them.

"Upon the rendition of the verdict, plaintiff's counsel gave notice of motion for a new trial, which motion has been heard by the Court and refused, the Court concurring

10—S. C.—135.

in the finding of fact made by the jury and approving the same.

"It is, therefore, ordered, adjudged, and decreed that the complaint in this action be, and the same is hereby, dismissed, with costs, and that the above-entitled action be, and the same is hereby, ended."

The testimony in the case shows that the defendant in 1920 employed the plaintiff to build a house for him, paying therefor the sum of $11,230.44. The house, a six-room bungalow, was built by the plaintiff for the defendant, complete for that sum; the plaintiff furnishing all necessary building material. It appears that the defendant relied entirely upon the plaintiff for the building and construction of a house that would give him service and satisfaction, as he testified that he himself knew nothing about house building. The testimony shows that when the house was completed and the keys turned over to the defendant, apparently the work had been done according to contract and in a satisfactory manner, but within two years dry rot set in, and the foundation of the house for some reason began to decay and rot away, the timbers became infested with flying ants, and other indications of deterioration became evident. Testimony for the plaintiff tended to show that the material used in the construction of the house was without defect, and that the workmanship was good, plaintiff claiming that the cause of the decay of the house was unknown to it. Testimony for the defendant tended to show that the decay and deterioration of the house were due to defective construction. When the condition of the house became worse, and even dangerous, the defendant reported same to the plaintiff, which thereupon sent its workmen to the home of the defendant for the purpose of making the necessary repairs on the house. After doing the repair work, the plaintiff sent a bill for material and services to the defendant, who refused to pay same, expressing his surprise that the plaintiff had sent a bill, saying

that his understanding of the whole was that the plaintiff in repairing the house was simply making good, as a reliable contractor and builder, on its contract of 1920 in the erection of the house. The plaintiff contends, however, that the repair work was done on an implied contract that the defendant would pay for it.

The appellant's exceptions state two general grounds of error: (1) Error in submitting to the jury the question as to whether the repair work done in 1924 was incident to, or a part of, the 1920 contract for construction of the house, this point involving also the defendant's right to set up a defense of set-off in this action; and (2) error in allowing the defendant to testify as to the present appearance of his house as an element of damages, and there was no such element of damage set out in his answer.

As to the first ground of imputed error: Under all the testimony and all the facts and circumstances connected with the whole matter, we are inclined to think that there was some evidence to go to the jury on this point, and that the Circuit Judge properly submitted to the jury the question whether or not the plaintiff, in doing the repair work of 1924, was simply making good on its contract under which it erected the house in 1920.

It follows that the defense of set-off was properly submitted to the jury. Recoupment and set-off, strictly speaking, have been distinguished from each other in several essential particulars, which have been very succinctly stated as follows:

"(1) The set-off arose out of statute; the doctrine of recoupment was of judicial origin. (2) Set-off must be of a sum liquidated and certain; recoupment was for unliquidated damages. (3) Set-off must arise out of some other contract than the one sued on; the claim for recoupment could arise only out of the same contract. (4) The defendant, pleading a set-off, could recover the excess of his claim over that of the plaintiff. The two claims were set off, and the one in

whose favor a balance was found obtained judgment for such balance. But in recoupment the defendant's claim, though it might exceed the plaintiff's, could be used only defensively. He could cut back on plaintiff's claim for damages to the full extent of the plaintiff's claim, but he could not recover the balance of his claim, even though it were greater than the claim of the plaintiff in the action."

In 34 Cyc., 624, in regard to the doctrine of recoupment, it is said:

"In its original strict sense it was a mere reduction of the damages claimed by plaintiff, by proof of mitigating circumstances connected with, or growing out of, the transaction upon which the plaintiff's claim was based, showing that it would be contrary to equity and good conscience to suffer plaintiff to recover the full amount of the claim, being considered in the nature of a doctrine of mere mitigation of damages, and was of very limited application. But in more recent practice the doctrine has been greatly extended in its application, and is spoken of as a liberal and beneficial improvement upon the old doctrine of failure of consideration, and is now generally regarded in the nature of a cross-action, the right of plaintiff to sue being admitted, but the defendant alleging that he has been injured by a breach of another branch of the same contract on which the action is founded, and claiming to stop, cut off, or keep back so much of plaintiff's damages as will satisfy the damages which have been sustained by the defendant."

Moreover, in more recent practice the two terms are frequently used interchangeably by the Courts. In the present case the defendant, in setting up his claim for damages against the plaintiff, speaks of the claim as a set-off. In the process of the trial, the Court, speaking of the defendant's claim, said:

"His set-off amounts to a contention of $1,000. Now a set-off provable would extend only as against the claims of the plaintiff. Now it may be as an element of his set-off,

he may be able to establish more, yet he woudn't be permitted to claim more."

To the same effect was the Judge's charge to the jury. It appears that throughout the entire trial the claim of the defendant, while spoken of as a set-off, was regarded and treated by the Court and all parties as a recoupment.

In *Tenney v. Water, Light & Power Co.,* 69 S. C., 430; 48 S. E., 457, the Court held that the defendant might plead "certain facts constituting both a defense and a set-off or recoupment to the plaintiff's petition to set up a mechanic's lien," the terms "set-off and recoupment" being apparently used interchangeably by the Court.

As to the second ground of imputed error: The jury decided, under the issues properly submitted, that the repair work of 1924 was done under the contract of 1920, and by their verdict allowed a recoupment in favor of the defendant of the amount claimed by the plaintiff for making the repairs. This being true, and the plaintiff claiming that it had done all that was necessary to put the house in good condition, which the jury found to be its duty, at a cost to it for material and work of $542.41, it is evident that the jury reached the conclusion that the amount of the recoupment to which the defendant was entitled was the cost to the plaintiff in making good the contract under which the house was built. Hence, if there was error in admitting the testimony complained of, it did the plaintiff no harm.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Mr. Chief Justice Gary and Messrs. Justices Watts, Cothran and Blease concur.