16364

STONE & CLAMP, GENERAL CONTRACTORS, v. HOLMES
*ET AL.*

(60 S. E. (2d) 231)

204

*Messrs. Marion B. Holman,* of Batesburg, and *B. E. Nicholson,* of Edgefield, *for Appellant,*

*Messrs. J. R. Folk,* of Edgefield, and *Jeff D. Griffith,* of Saluda, *for Respondents,*

June 2, 1950.

FISHBURNE, Justice.

The appeal arises out of a statutory proceeding to establish and foreclose a mechanic's lien for labor, materials, and contractor's services rendered and furnished by appellants to respondents in repairing and remodeling a dwelling house of respondents in Edgefield County.

Appellants contended in the court below that they orally agreed to remodel the dwelling on a cost-plus basis; the respondents argued that the oral agreement entered into between them and the appellants for the work to be done, was based upon an agreed price of $6,000.00, plus the actual cost of labor and materials for any extra or additional work performed beyond that originally contracted for and covered by the contract price.

By agreement of counsel for all parties, a jury was empaneled to hear the testimony. At the conclusion of the testimony, the Court framed certain issues which were submitted to the jury.

In response to the specific issue submitted to them as to what the agreement between the parties was, the jury found that the verbal contract was as contended by the respondents: that is, that the parties entered into an oral agreement covering certain specified work for the contract price of $6,000-.00, to which should be added the cost of labor and materials furnished in addition to that agreed upon. The jury futher found, in answering another submitted issue, that the value of the extra or additional work amounted to the sum of $3,719.28.

It was agreed that the respondents had paid to the appellants the sum of $6,500.00 as the work progressed on the building, prior to the commencement of this action.

After the rendition of the verdict, the trial judge held that the amount found by the jury to be due appellants was not a final determination, but was subject to review by him, and took the matter under advisement. He later filed an order, from which this appeal is taken, reducing the amount reported by the jury from $3,719.28 to $1,750-.00. He held, however, that inasmuch as $500.00 had been paid by respondents over and above the contract price of $6,-000.00, this payment should be applied on the amount found by him to be due, to wit: $1,750.00, leaving a balance of $1,250.00 due and owing to the appellants by the respondents.

The trial court's order provided for foreclosure of the mechanic's lien in the event the above stated amount was not paid.

There is only one question presented by this appeal for our consideration, and it is this: Does a trial judge have the right, under a proceeding for the foreclosure of a mechanic's lien, to treat the case as though it were one in equity and reject the verdict of the jury by making new findings of fact?

The appellants contend that this power does not rest in the hands of the trial court, and rely upon Section 8748 of the Code, which reads as follows: "Every material question of fact arising in the case shall be submitted to a jury, if required by either party, or deemed proper by the court; and the trial shall be had upon a question stated, or an issue framed, or otherwise, as the court may order. A jury shall be had before a magistrate only as in other civil cases."

By virtue of the foregoing provision, it is argued that the finding of the jury constituted a final determination of the amount due as in a case at law, was binding upon the court, and not subject to review or modification.

Under the statutes in a great many jurisdictions, a proceeding to enforce a mechanic's lien is by a suit in equity, and is governed by the rules and principles pertaining to

chancery practice. Under the statutes in other jurisdictions, the remedy for the enforcement of a mechanic's lien has been prescribed to be by an ordinary action at law not governed by equitable principles, and the procedure is that prevailing at law. 57 C. J. S., Mechanics' Liens, § 264, p. 872, 873; Annotation, Ann. Cas., 1913B, 283.

It will be noted that our statute hereinabove quoted specifically authorizes a trial by jury of every material question of fact arising in a mechanic's lien case, if required by either party.

In the event a jury is called, the same procedure is followed as in ordinary civil actions, and their verdict is as final and conclusive as in a case at law. This procedure was followed in *Brissey Lumber Co. v. Crowther,* 135 S. C. 131, 133 S. E. 208. Hence, a court in the rendition of its judgment may not disregard the jury's finding on the issues submitted.

If in the estimate of the trial court, the verdict of the jury is wrong and erroneous, the court can avoid it only by setting it aside and granting a new trial. The trial judge cannot, under the power of amending the verdict, invade the province of the jury or substitute his verdict for theirs, *Lorick & Lowrance v. Julius H. Walker & Co.,* 153 S. C. 309, 150 S. E. 789.

This question of the power of a trial court in law cases is fully discussed in *Anderson v. Aetna Casualty & Surety Co.,* 175 S. C. 254, 178 S. E. 819, 829, where a great many earlier South Carolina cases are cited. In *Anderson v. Aetna Casualty & Surety Co.,* it is stated: "The court may grant or refuse a new trial, or, in a proper case, may grant a new trial *nisi;* but should do one thing or the other."

As was said in *Murphy v. Valk,* 30 S. C. 262, 9 S. E. 101, 103: "The law as to the mechanic's lien is purely statutory, and therefore in that sense the rights given by it may be called legal; but the act which brought them into existence also provided certain machinery for enforcing them, which

in general character partakes somewhat of the nature of equitable proceedings. The rule in such case is belived to be that in enforcing the rights so given the special machinery provided for that purpose must be strictly followed."

It was stated in *Metz v. Critcher,* 83 S. C. 396, 65 S. E. 394, 396: "In this state, however, mechanic's liens are not enforceable by ordinary equitable actions." And in *Johnson v. Frazee,* 20 S.C. 500: "Whether the proceeding is to be styled a civil action or special proceeding makes but little difference; whatever it may be, it is governed by the act which provides it, and not by the Code. It is a statutory proceeding intended to enforce a specific statutory right, and it is appropriate only where the right is in question. Its character, nature and mode of procedure, therefore, depend upon the act which affords it."

It is conceded by respondents that Section 8748 gives the right of trial by jury, but they contend that under the succedent section, 8749, the court is clothed with the ultimate power to determine the amount due each creditor under a proceeding brought to enforce a mechanic's lien. This Section, 8749, provides: "The court shall ascertain and determine the amount due to each creditor who has a lien of the kind before mentioned upon the property in question; and every such claim due, absolutely and without any condition, although not then payable, shall be allowed, with a rebate of interest to the time when it would become payable."

While it is true that the foregoing section empowers the court to ascertain the amount due each creditor, we do not think that there is any real conflict between these two designated sections of the Code, which were enacted at the same time. Under Section 8749, it becomes the duty of the court to ascertain the correct amount due on the claims of creditors, and this may be done with or without a jury, as provided in Section 8748. But when a jury is demanded by either or both parties to the proceeding, it is incumbent upon the court to grant a jury trial. This is merely

one of the methods provided under the statute for the ascertainment by the court of the amount claimed by the petitioner. When such a procedure is adopted, the court is not authorized to change or modify by its judgment the finding of the jury. Otherwise, the right unqualifiedly granted in Section 8748, that "every material question of fact arising in the case shall be submitted to a jury, if required by either party," would be entirely meaningless and nugatory.

It is a well settled principle of law that where two statutes are in apparent conflict, they should be so construed, if reasonably possible, as to allow both to stand and to give force and effect to each. The primary endeavor is to ascertain and give effect to the manifest intention of the legislature. *Johnson v. Pratt*, 200 S. C. 315, 20 S. E. 2d 865; *Cokeley v. Robert Lee, Inc.*, 197 S. C. 157, 14 S. E. 2d 889; *Crescent Mfg. Co. v. Tax Commission*, 129 S. C. 480, 124 S. E. 761.

The construction which we have given the two statutes is one which in our opinion is in accord with the intention of the lawmaking body.

Respondents contend that the course followed by the trial court is sustained by *Metz v. Critcher*, 83 S. C. 396, 65 S. E. 394, 396, but in our opinion this case is not controlling. Various points were presented and passed upon by the court in this case which had to do with the enforcement of a mechanic's lien. One of the questions raised was whether judgment could be entered solely upon the verdict of the jury. In discussing Section 3025 of the Code, now Section 8748, which grants the right to trial by jury if required by either party, the court said: "This section, unquestionably, conferred upon the circuit judge the power to submit the question to the jury whether the appellant was due the petitioner the amount alleged in the petition; but it did not authorize the entry of judgment on the verdict, *nor make the verdict of the jury final, as to the amount due under the mechanic's lien.* This duty was imposed upon the court by section 3026

of the Code of laws, which contains the provision that the court shall ascertain and determine the amount due each creditor, who has a lien of the kind before mentioned, upon the property in question.' " (Italics added.)

It is entirely clear from even a casual reading of this case that the expression which we have italicized in the foregoing quotation, "nor make the verdict of the jury final, as to the amount due under the mechanic's lien," constitutes *obiter dicta*. No question of the finality of the jury's verdict was presented to the court. The only issue presented by the exceptions was whether judgment could be entered solely upon the verdict of the jury without a decree of foreclosure thereon entered by the court.

In our opinion, when a jury is called in a mechanic's lien case, upon demand of either party, its finding is final as in a law case, unless set aside by the court in the manner we have indicated in the forepart of this opinion; and is not subject to review and modification.

It follows that the judgment of the Circuit Court must stand reversed, and the case remanded for a new trial.

Judgment reversed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.

On Petition for Rehearing.

PER CURIAM.

By opinion filed on June 2, 1950, this court reversed the action of the trial court in reducing the finding of the jury from $3,719.28 to $1,750.00 (this latter amount was subject to a credit of $500.00, thus bringing the final figure to $1,250.00), and remanded the case to the circuit court for a new trial. It was held that in a mechanic's lien case, when a jury is called upon demand of either party, its finding is final, as in a law case, unless set aside by the court in accordance with the procedure indicated in the opion.

It is pointed out in the petition for rehearing filed by appellants in this case, that no motion for a new trial was made before the trial judge by either party, and no exception was before this court as to the validity of the verdict; hence this court by its action in remanding the case for a new trial has, in effect, gone contrary to the decision rendered, by setting aside *in toto* the verdict of the jury, which finding it held to be final.

The record in this case shows beyond question that the trial court in exercising the assumed power to review and modify the finding of the jury, did so because of the dicta expressed in *Metz v. Critcher,* 83 S. C. 396, 65 S. E. 394. Unquestionably, if the trial court had not acted as it did upon the supposed authority of the foregoing case, it would have granted a new trail *nisi.* If this course had been followed, then it may reasonably be inferred that the case would have been appealed to the Supreme Court by the appellants, in which event the respondents would have had the opportunity to attack the validity of the verdict.

Evidently the reduction of the verdict by the trial court was satisfactory to the respondents, and they took no appeal therefrom. But if, as now contended by the appellants, the finding of the jury in the sum of $3,719.28 should be ordered to stand as the judgment of the court, then the respondents would be deprived of the right and opportunity to attack the verdict.

This question received the most serious consideration of the court in the preparation of the opinion, and we deemed it in futherance of justice that the case be remanded for a new trial.

Petition refused.