## 11709

### LOCKE v. DILL

(126 S. E., 747)

1. STATUTES—REPEAL OF STATUTES BY IMPLICATION NOT FAVORED.—Repeal of statutes by implication is not favored.

2. STATUTES—SPECIAL ACT NEVER ABROGATED BY GENERAL LAW, UNLESS INTENTION TO ABROGATE IS VERY CLEAR.—Unless the intention to abrogate is very clear, a special act is never abrogated by a general law.

3. STATUTES—ACTS OF SAME SESSION NOT CONSTRUED AS INCONSISTENT, IF THEY CAN REASONABLY BE CONSTRUED OTHERWISE.—Acts of same session, read together as one act, are not to be construed as inconsitent, if they can fairly and inconsistently be construed otherwise.

4. EMINENT DOMAIN—STATE HIGHWAY ACT DID NOT IMPLIEDLY ABROGATE RIGHT OF COUNTY TO CONDEMN LAND FOR HIGHWAY.—Act March 21, 1924 (33 St. at Large, p. 1193), §§ 1, 2, 3, 6, and 10A, providing for State highway system giving State highway commission authority to permit any county to construct any of the roads designated providing for reimbursement to the county therefor, limiting construction by State highway department to construction for

which funds have been provided, prohibiting construction of hard-surfaced roads during 1924, and giving the highway department the right to condemn land for purposes of act, did not impliedly abrogate the right of county superivisor to condemn, under Civ. Code 1922, § 2907, land for highway described in such State highway act, but which Act Feb. 25, 1924 (33 St. at Large, p. 1680) had, prior to enactment of State highway act, at same session, authorized county to construct.

Before ANSEL, COUNTY JUDGE, Greenville, December, 1924. Reversed.

Action by W. B. Locke against H. P. Dill, County Supervisor. Judgment for plaintiff and defendant appeals.

*Mr. Oscar K. Mauldin,* for appellant, cites: *Right and power of supervisor to condemn:* Code, 1922, Sec., 2907; Acts of 1915, p. 66. *Authority for constructing road:* 33 St. at Large, 1680. *Act of 1924, 1680, not in conflict:* Ann. Cas., 1915A, 182; 25 R. C. L., 1062-63; Sec. 286. *Repeals by implication are disfavored:* Black on Interpretation of Law, 117; 102 S. C., 494; 14 S. C., 169; 25 R. C. L., 928, Sec. 177; 105 N. E., 484; 58 So., 235; Abbott on statutes, 337; 16 Peters 342; Endlich on Interpretation of statutes, 298; 116 S. C., 324; 26 A. & E. Enc., 739.

*Messrs. Bonham, Price & Poag,* for respondent, cite: *Act 1924, p.* 1680 *passed to remedy defects in previous law of 1923: The supervisor of Greenville County does not have the power to condemn:* Acts 1924, p. 1216, Sec. 10A; Code 1922, Vol. 3, Sec. 5054; *as the road involved is now a part of the State Highway System:* Vol. 3, Code 1922, Sec. 2906-2907. *Condemnation is a power that must be exercised only in the manner prescribed by law:* 10 R. C. L., 196, Sec. 168; 8 Rich. Eq., 46; 112 S. E., 55. *Former act is controlled by the latter:* 25 R. C. L., 927, Sec. 177; 36 Cyc., 1090; 16 L. R. A. (N. S.), 420; 3 S. C., 369. *Analagous cases:* 53 N. W., 82; 9 Am. Rep., 94; 22 Am. Rep., 766. *Where there is a doubtful authority to exercise a corporate right, the doubt prevails and the power is lost:* 19 R. C. L.,

Sec. 75, p. 768; 53 N. W., 82. *Corporate authority of counties:* Art. VII, Sec. 9, Cons. 1895, Sec. 667, Vol. 3; Code 1922.

March 3, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The plaintiff brought his action in the county court to restrain the defendant, as supervisor of Greenville County, from condemning a certain strip of land for highway purposes. From an order of the County Judge, granting the injunction sought upon the ground that the county supervisor was without power to condemn, the defendant brings this appeal.

On November 25, 1924, the date of the commencement of the condemnation proceedings, the defendant, as county supervisor, was engaged in the construction of a highway from Greenville to Greer under and by virtue of an act of the General Assembly, approved February 25, 1924 (33 St. at Large, p. 1680), authorizing an issue of bonds in the sum of six hundred thousand dollars ($600,000) for the purpose of paving the road here in question, and certain other highways of Greenville County. At the same session the General Assembly passed an act, approved March 21, 1924 (33 St. at Large, p. 1193), entitled "An act to provide for a state system of hard-surfaced top soil, and other dependable types of highways in this State, to define and describe said roads, and to provide funds for construction, for maintenance and for reimbursements to counties in certain cases." Section 1 of that act provides for the creation of a state wide system of connected roads to consist of highways on certain described routes in each county, which shall be taken over and maintained by the state highway department immediately after the approval of the act. Among the routes described and designated as a part of the state highway system in Greenville County is this highway from Greenville

to Greer. Section 10A of the act provides "that the state highway department for the purpose of acquiring rights of way, material for the construction of highways, sand, rock, clay and other material necessary shall have the right to condemn land, and such power is herewith conferred upon it under the provisions of law now conferred upon the board of county commissioners, or other county authorities of the various counties of the State," etc. The act contains the usual provision for the repeal of all acts or parts of acts inconsistent therewith.

The learned County Judge held that the effect of section 10A was to confer the exclusive power to condemn land, for the purposes of any highway constituting a part of the state highway system, upon the state highway department, and that inasmuch as "the highway in question is a part of the state highway system," the county supervisor "has no power to bring condemnation proceedings," etc. The appeal challenges the correctness of that conclusion.

Neither the special act of February 25, 1924, authorizing the issuance of bonds by the county of Greenville for the purpose of paving certain roads, including the highway here in question, nor the general highway act of March 21, 1924, contains any express limitation of the power of condemnation conferred upon county authorities by general law (section 2907, Vol. 3, Code 1922). That the authority to improve the highways designated in the special act conferred the power to condemn for that purpose under the general law is not open to question. Since the general highway act of March 21, 1924, did not expressly withdraw that power, the abrogation of the authority of the county authorities to condemn must be referred to, and justified under, the doctrine of repeal by implication, that is, it must appear that the effect of the general act was to destroy by implication the power of the county authorities to condemn, for the purpose here involved, under the special act.

The question of whether the general act may properly 1, 4 be given that effect is to be determined in the light of the well settled general principles that the "repeal of a statute by implication is not favored" (*Matthews Co. v. Railway Co.,* 102 S. C., 494; 86 S. E., 1069) ; that "unless the intention to abrogate is very clear, a special act is never abrogated by a general law" (*Ex parte Dunn,* 8 S. C., 207), and that acts of the same session of the Legislature are to be read together as one act, and are not to be construed as inconsistent, if they can fairly and reasonably be construed otherwise (25 R. C. L., 1062, 1063, § 286). The application of the foregoing principles very clearly leads, as we think, to the conclusion that the two acts here under review contain no such inconsistent or conflicting provisions as should be held to divest the supervisor of Greenville County of the power to condemn the land sought to be condemned in this case.

The general highway act of March 21, 1924, contains the following provisions:

Section 3: "It shall be the duty of the state highway commission to determine the value to the State as of January 1st, 1925, of any hard-surfaced roads which have been constructed by any county and to provide for the payment of the amount so determined from such funds as may be made available herein: * * * Provided further, that no agreement for the reiubursement shall be made which shall necessitate the payment to said county or counties of a sum annually greater than said county or counties would receive if said hard-surfaced roads had not been constructed," etc.

Section 6: "The hard surface roads for which reimbursement is provided herein shall consist of such roads already constructed or hereafter constructed by the counties which connect with a road leading from some other county and which are now in the state highway system or enumerated herein. The state highway commission is hereby authorized to permit any county or counties to construct any

of the roads and bridges designated in section 1 hereof and to make an agreement with the road officials of any such county or counties to reimburse and repay said county or counties in the same manner as is provided by section 3 hereof. If any county or counties construct any of the roads and necessary bridges on such roads designated in section 1 hereof, after this act is signed by the Governor, the value of said roads and bridges shall be determined as of date of completion," etc.

While section 2 of the act authorizes and directs the state highway department to construct the roads described in section 1 (including the highway here in question), such construction by the state highway department is expressly limited to construction "from the funds herein provided," and is subject to the further limitation "that no hard-surfaced road shall· be constructed during the year 1924.,, Reading the foregoing provisions of the general act and the provisions of the special act together, it would seem clear that the authority conferred by the special act upon the county of Greenville to· construct this improved highway with county funds is in no wise inconsistent with the general authority conferred by the general act upon the state highway departement to construct such road after January 1, 1925, at some indefinite time in the future, when funds provided by the general act might become available. The scheme of reimbursement provided in the general act, as well as the express authority conferred upon the state highway commission to permit any county to construct any of the roads designated in section 1 as a part of the state highway system (section 6), evinces a definite intent that counties shall not be deprived of the right to· construct permanent improvements on roads within their borders merely because such roads form a part of the state highway system. Conceding that the provisions of the general act (section 1) making the designated roads state highways, which "shall be taken over and maintained by the highway department,"

may soundly be interpreted to render construction by counties of permanent improvements on such highways subject to the supervision and approval of the state highway department, the special act expressly provides that the improvements authorized "shall be built according to plans and specifications to be prepared by the state highway department and shall be constructed under the supervision of said department." Hence, the authority conferred by the special act upon the county authorities to construct the improved road here in question is not only not in conflict with any authority either to construct or to supervise conferred by the general act upon the state highway department, but would seem to be entirely in harmony with the primary object of the general act, viz., to provide the people of the State with an adequate highway system as rapidly as possible within the limits of the plan adopted.

If, therefore, under the terms of the special act of the county of Greenville had the authority, as we think it did, to proceed with the construction of the improved highway here in controversy, it follows, as we apprehend, that it had the power to condemn for the purposes of that construction. Since the right and power to construct, without the authority to condemn, would place the county authorities in an anomalous and embarrassing, if not impossible, situation, it would seem clear that the provision of the highway act conferring a general power of condemnation on the highway department does not warrant the implication of a legislative intent to withdraw such power from the county authorities in a case of this character. Certainly, that conclusion is inevitable, unless the provision conferring general power of condemnation on the highway department was clearly applicable to the situation here presented. We think that provision, on the contrary, was clearly inapplicable. Patently, the power of condemnation conferred upon the state highway department by the general act presupposes adequate occasion and reasonable necessity for the exercise of that power. That

the cost of condemnation is a legitimate part of the cost of construction—not of supervision—and that in the construction of this highway by the county supervisor there was no occasion nor necessity for any condemnation by the state . highway department, which had neither the financial means nor authority to construct, would seem to be perfectly apparent. Hence in no view, we think, may it soundly be held that the general power of condemnation conferred upon the state highway department conflicted with—and, therefore, abrogated by implication—the power vested in the county supervisor to condemn land for the highway construction duly authorized by the special act.

For the reasons indicated the judgment of the county Court is reversed.

MESSRS. JUSTICES WATTS and FRASER, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.