12802

STATE *EX REL.* SOUTH CAROLINA TAX COMMISSION v. BROWN, COUNTY TAX COLLECTOR

SAME v. ROWELL, SHERIFF

(151 S. E., 218)

56

*Attorney General John M. Daniel, Assistant Attorney General Cordie Page,* and *J. Fraser Lyon,* for relator.

January 6, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The petitioner, South Carolina Tax Commission, is charged with the duty of assessing and collecting certain taxes and licenses, fixed under certain acts of the General Assembly. In its efforts to enforce the payment of certain of these taxes and licenses, assessed in Marion County, the petitioner placed with the respondent Brown, the Tax Collector of Marion County, under a special Act of the General Assembly, a certain execution for the collection of income tax, assessed and to be collected under an Act entitled "An Act to raise revenue for the support of the state government by the levy and collection of a tax upon income," approved on October 12, 1926, which was not printed, however, in the Acts of that year, but may be found in the Acts of 1927,

at page 1 (35 St. at Large, p. 1). The respondent Brown refused to proceed with the enforcement of the execution, on the ground that it was not his duty to do so. Thereupon the petitioner has applied for a writ of mandamus requiring Brown to proceed to execute the execution.

The petitioner also placed with the Sheriff of Marion County an execution to collect certain delinquent taxes, assessed and due under Act No. 574, approved March 10, 1928 (35 St. at Large, p. 1089), relating to the assessment and collection of certain license taxes, which Sheriff Rowell declined to enforce, on the ground that it was not his duty under the law so to do. The petitioner then made application for a writ of mandamus requiring the Sheriff to proceed to enforce the collection of that execution.

It appears that the petitioner believes, and it so alleges in its respective petitions, that it is the duty of the Tax Collector to enforce the executions under the Act of 1926, *supra,* and that it is the duty of the Sheriff to enforce the executions under the Act of 1928, *supra.* The respondent Brown, the Tax Collector, takes the position that he has no authority to enforce any of the executions, and that the duty to enforce all of them rests upon the Sheriff of the County. On the other hand, Sheriff Rowell alleges that the duty to collect all of these executions lies with the Tax Collector, and that he has no authority in the premises.

The two causes are so closely allied that we conceive it best to dispose of them together, which we shall undertake to do. The office of Tax Collector of Marion County was created by a special Act of the General Assembly, approved March 19, 1927 (35 St. at Large, p. 181), entitled "An Act to provide for a Tax Collector in the County of Marion, define the duties and fix the compensation." Since the office of Tax Collector of Marion County is distinctly a creation of the Legislature, it follows, of course, that the lawmaking body has the power to prescribe the duties to be performed by that official. The respondent

Brown contends that the Act does not require him to enforce executions issued by the petitioner, but that his duty is limited to the enforcement of only the executions directed to him by the treasurer of Marion County.

The Act is not as clear as it perhaps should have been, and because of that respondent Brown has some reason for the position he has taken. We think, however, that full consideration of all the language of the enactment shows that, at the time of its passage, the General Assembly had the clear intention of requiring all delinquent taxes of all kinds to be collected by the Tax Collector. Section 7 of the Act is as follows:

"It is understood and is declared by this Act that all power, duties and authority now vested in the Sheriff of said county as to the collection of delinquent taxes, seizure and sale of the property, the making of deeds, etc., is hereby conferred upon the Tax Collector herein named, and he is hereby given full power and authority to carry into effect all the laws now pertaining to the execution of delinquent taxes, the making of deeds under tax execution sale, etc., the same as is now provided for the Sheriff, *and the Sheriff of the said county is hereby relieved from the collection of any delinquent taxes:* Provided, the Sheriff of Marion County shall turn over to the Tax Collector herein provided for, all delinquent taxes, tax returns, immediately upon the passage of this Act, and is hereby required to make immediate settlement of all taxes collected to the county treasurer of Marion County."

We have italicized certain language contained in the quoted section, which convinces us that one of the main things which the General Assembly sought to accomplish was to relieve the Sheriff of Marion County of any duty whatsoever relating to the collection of delinquent taxes, a duty which rested upon the Sheriff prior to the passage of the Act. Under our construction of the Act of 1927, providing for the appointment of the Tax Collector for Marion County, it was clearly the duty of that official to enforce

all executions for delinquent taxes placed with him by the petitioner under Acts of the General Assembly then of force. Accordingly the respondent Brown should have proceeded to enforce the executions directed to him by the petitioner for the collection of delinquent income tax under the Act of 1926. So we hold that the petitioner is entitled to the writ of mandamus against the respondent Brown as Tax Collector of Marion County.

The other question, relating to the duty of the Sheriff to enforce the execution issued by the petitioner under the Act of 1928, is a little more difficult to determine. The petitioner contends that the Act of 1928, relating to certain special license taxes, expressly provided that executions issued thereunder are to be directed to the respective Sheriffs of the State, and that this enactment has the effect of repealing to that extent the requirement under the Act of 1927 that such execuions shall be enforced·by the Tax Collector of Marion County.

The petitioner depends upon that well established legal principle that when there is a direct conflict in two enactments of the General Assembly, the last enactment supersedes the first. The petitioner is of the opinion that Section 20 of the Act of 1928, which expressly directs that the Sheriff shall enforce the warrants of execution for the collection of delinquent taxes, under that law, has the effect of repealing anything in the Act of 1927 which may require the Tax Collector of Marion County to enforce such warrants of execution.

While recognizing fully that rule of statutory construction relied upon by the petitioner, we are of the opinion that it is not applicable in this instance. As stated before, we think the Legislature clearly intended to relieve the Sheriff of Marion County from any duty in the matter of collecting any kind of delinquent tax. There has been, so far as we are informed, no attempt, either directly or indirectly, to repeal the special Act of 1927, creating the office of Tax

Collector for Marion County. On the contrary, at the recent session of 1929, the General Assembly passed another Act, entitled "An Act to define further the duties of the Tax Collector for Marion County," which Act was approved on February 28, 1929 (36 St. at Large, p. 240). While that particular Act may not be directly involved here, it clearly shows that the General Assembly has not had any idea of interfering with the Act of 1927, but, on the other hand, it has recognized the existence of that Act, and has imposed upon the Tax Collector other duties not required of him in the original enactment.

The Act of 1928, providing for the assessment and collection of certain special license taxes, was amendatory of Act No. 73 of 1927, entitled "An Act to raise revenue for the support of the State government." Act April 22, 1927, 35 St. at Large, p. 121. The amendatory Act touched generally the same subjects and matters covered in the former Act of 1927. In the original Act of 1927, Section 10 contained practically the same provisions for the enforcement of executions by the Sheriffs of the state as are found in Section 20 of the Act of 1928. The original Act of 1927 was passed at the same session as the Act relating to the appointment of a Tax Collector for Marion County. If we did not have to take into consideration the Act of 1928, it is very plain that the two Acts of 1927, the one creating the Tax Collector for Marion County, and the other providing generally for the Sheriffs to execute the tax warrants for the enforcement of delinquent taxes, under the special license tax Act of that year, would have to be considered together, almost as if they were just one Act, and the statute as to the Tax Collector would simply be considered as an exception to the general law requiring Sheriffs to execute the tax warrants. This conclusion would be easily reached under the rule that statutes adopted at the same session of the Legislature are to be construed together, with the purpose of harmonizing them, and, if they are necessarily in-

consistent, the statute dealing with common subject-matter in a minute and particular way will prevail over one of a more general nature. See *Smith v. South Carolina State Highway Commission,* 138 S. C., 374, 136 S. E., 487, and cases there cited. The Act setting up the office of Tax Collector for Marion County, passed in 1927, could,and should, be considered as qualifying the other Act of that year, in so far as the executions issued by the petitioner against taxpayers in Marion County are concerned.

But the Act of 1928, under which the petitioner demands that the Sheriff shall execute certain tax warrants, was passed a year later than the Act of 1927, relating to the appointment of a Tax Collector for Marion County. The question for determination, therefore, goes further into an examination of the rule of statutory construction that the last enactment will prevail over the former, when there is inconsistency in the two enactments. We are still inclined, however, to the view that the Section of the Act of 1928, requiring Sheriffs to enforce executions for delinquent taxes to be collected under the terms of that Act, has not had the effect of repealing the special Act as to Marion County, passed in 1927. We do not find in the Act of 1928 any general repealing clause. Neither does the legislation contain anything which shows any intention to repeal the special Act of 1927. At most, the repeal, if any at all, was altogether by implication. This Court said in *Pearson v. Mills Mfg. Co.,* 82 S. C., 506, 64 S. E., 407, 409:

"Repeals by implication are not favored. In *State v. Alexander,* 14 Rich. Law, 247, 251, the Court quotes with approval from *Goddard v. Boston,* 20 Pick (Mass.), 407, as follows: 'A later statute on a given subject, not repealing an earlier one in terms, is not to be taken as a repeal by implication, unless it is plainly repugnant to the former, or unless it fully embraces the whole subject-matter.' The authorities agree that, to effect a repeal by implication on account of repugnancy, the repugnancy must not only be

plain, but the provisions of the two statutes must be incapable of any reasonable reconcilement; for, if they can be construed so that both can stand, the Court will so construe them."

To the same effect, see *E. M. Matthews Co. v. A. C. L. Railroad Co.,* 102 S. C., 494, 86 S. E., 1069.

Again, the Act of 1927, as to the Tax Collector for Marion County, is a special Act, while the Act of 1928 is a general Act. The main purpose of the last Act is the collection of the taxes levied thereunder by the General Assembly. The General Assembly was interested particularly in collecting the taxes, and this idea was above and beyond the particular method of making the collection. It called upon the Sheriffs to perform certain duties, because, generally, those duties are performed by the Sheriff's Except in a few counties where the office of Tax Collector has ben established the Sheriffs are the officials charged with the duty of collecting all delinquent taxes. The special Act as to Marion County showed the legislative intent to have been the taking away of the duties in the matter of tax collection entirely from the Sheriff, and it especilaly provided that such duties in that county were to be performed by the Tax Collector. Unless the intention to abrogate a special Act is very clear, such Act is never abrogated by a general law. *Locke v. Dill,* 131 S. C., 1, 126 S. E., 747; *Ex Parte Dunn,* 8 S. C., 207.

After all, all rules of statutory construction, including those to which we have heretofore adverted, must yield to the great principle that it is the duty of the Court, in determining the effect of legislative enactments, to seek to ascertain the real intention of the General Assembly. The other rules of construction, to which we have referred, are canons to aid in giving full force to the main rule last mentioned. We think it is altogether evident that the General Assembly of South Carolina, in the passage of all the Acts to which reference has been made, had two important inten-

tions in mind. The first of these was to collect all taxes and licenses due to the state under the terms of the tax statutes under consideration. The other was to have in Marion County a Tax Collector for the purpose of assisting in the proper enforcement of the tax statutes. It is easy, when we remember what the Legislature tried to do, to harmonize these various enactments, which may appear at the first to be ambiguous or conflicting. The apparent conflicts are readily disposed of by the holding which we think is the proper one to make under the circumstances, namely, that it is the duty of the Tax Collector of Marion County to enforce the tax warrants or executions issued by the petitioner under all of the Acts mentioned in this opinion, in so far as Marion County is concerned, and that the Sheriff of that county has been relieved entirely of all duties in that connection.

It follows that the petitioner is entitled to the writ of mandamus against the respondent Brown, as Tax Collector, and the same will be issued accordingly; but the petitioner is not entitled to the writ of mandamus as prayed for against the respondent Rowell, as Sheriff. And it is so ordered.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.