14364

STATE v. HOOD ET AL.

(188 S. E., 134)

Before Stoll, J., Clarendon, June, 1935.

Mr. W. B. Martin, for appellants.

Mr. Frank A. McLeod, Solicitor, for the State.

October 29, 1936.

The opinion of the Court was delivered by Mr. Justice Fishburne.

The defendants were indicted, tried, and convicted in the Court of General Sessions for Clarendon County for unlawfully obstructing an inland stream and water of this State by placing therein a net for the stoppage and collecting of fish, on March 26, 1935. The undisputed testimony shows that the defendants were fishing with nets at Shell Landing on the Santee River, which is a muddy water stream. They were charged with violating Section 1817, Code of Laws 1932, Vol. 1, which, in so far as pertinent to the issue presented by the appeal, reads as follows: "And there shall be a closed time in all the creeks, streams and inland waters of the State from the setting of the sun each Saturday until the rising of the sun each Wednesday, during which time all seines, nets or any plan or device for the stoppage or collecting of fish, which obstructs any portion of any creek, stream or inland waters other than a dam for manufacturing purposes, shall be removed from said creek, streams or inland waters; and any person or persons using such seine, net, plan or device in violation of the provisions of this section shall be deemed guilty of a misdemeanor, and, upon conviction thereof before any Court of competent jurisdiction, shall be fined in the sum of two hundred dollars. * * * "

The defendants were tried in their absence, and their exceptions assign error to the trial Judge in his instructions to the jury.

The testimony shows that March 26, 1935, the day on which the charge is laid, fell on a Tuesday, one of the days named in the statute on which fishing is prohibited.

Only one issue is made by the appeal. The defendants contend that the trial Judge, in addition to charging the law as laid down in Section 1817, should also have charged, as a necessary limitation thereof, the following portion of Section 1751 of the 1932 Code, as amended by the 1933 Acts of the General Assembly, at page 447 (Act May 10, 1933): "The catching of game fish shall be with hook and line only in all clear water streams and waters of the State. (1) Gill nets (not to extend more than half-way across a stream,

lake, or pond), traps, seines, trotlines, or other device which does not block the passage of fish in streams may be used in the muddy streams of the State."

It is argued that under this provision of law, the defendants were within their rights, and were doing only such acts as the amended Act permitted.

It will be observed that Section 1817 prohibits fishing with seines, nets, or any other plan or device for the stoppage or collection of fish in *all* the creeks, streams, and inland waters in the State from the setting of the sun each Saturday until the rising of the sun each Wednesday. That portion of Section 1751 which is quoted above is found in said section as adopted in the Code of 1932, and was not added or introduced by the amendment of 1933. The only part of the amendment to this section, made by the Act of 1933, applicable to the inquiry here, appears in the next to the last proviso, which reads: "and Provided, further, Gill nets not to extend more than half-way across a stream, lake or pond, may be used from November 1st, to March 1st, inclusive, which said nets shall not be placed closer than one hundred (100) yards to any other net. No traps, nets or other devices shall be used at the mouth or inside of any rice field ditches."

The appellants urge that the excerpt quoted from Section 1751, which permits the use of nets, traps, seines, trotlines, or other devices in the muddy water streams of the State, operates as a repeal of so much of Section 1817 as restricts the right to fish by such means and agencies from the setting of the sun each Saturday until the rising of the sun each Wednesday.

This contention is clearly untenable. The amending Act appearing in the 1933 Acts, at page 447, contains no general or specific repealing clause and makes no reference whatsoever to Section 1817. On the contrary, it is declared in the Act itself that the amendment is to Section 1751. Therefore, if it works a repeal of any por-

tion of Section 1817 it must be by implication. The rule is firmly settled that repeals by implication are not favored. *Miller v. Altantic Coast Line R. Co.,* 90 S. C., 249, 73 S. E., 71, affirmed 231 U. S., 741, 34 S. Ct., 318, 58 L. Ed., 462; *State ex rel. Buchanan v. State Treasurer,* 68 S. C., 411, 47 S. E., 683; *Locke v. Dill, County Supervisor,* 131 S. C., 1, 126 S. E., 747; *Matthews Co. v. Atlantic Coast Line R. Co.,* 102 S. C., 494, 86 S. E., 1069.

It was held in *State v. Alexander,* 14 Rich., 247, that a repeal of an older statute by a later one will not be implied unless the repugnance between them is so great as to be susceptible of no reasonable reconcilement. If the two statutes can stand together, and have room for operation without conflict and inconsistency, they shall do so. And the Court quoted with approval from *Goddard v. Boston,* 20 Pick. (Mass.), 407, as follows: "A later statute on a given subject, not repealing an earlier one in terms, is not to be taken as a repeal by implication, unless it is plainly repugnant to the former, or unless it fully embraces the whole subject-matter."

The authorities agree that if both statutes are susceptible of a construction which will render both operative, without doing violence to either, the Courts will, if possible, give them such a construction. To bring about a repeal the two acts must be directly antagonistic and repugnant, and there must be such a positive repugnancy as to admit of no other reasonable construction.

It is presumed that the Legislature was familiar with prior legislation, and that if it intended to repeal existing laws it would have expressly done so; hence, if by any fair or liberal construction two acts may be made to harmonize, no Court is justified in deciding that the last repealed the first.

However, as already stated, that provision of Section 1751, which the appellants cite as giving them the right to fish with nets, unrestrictedly, in the

muddy water streams of the State, was adopted by the General Assembly as the codified law of the State at the same time as Section 1817 was adopted; both sections appearing in the Code of 1932. But if Section 1751 could be deemed by reason of the amendment of 1933 the later of the two Acts, we find no such repugnancy as would operate to repeal the closing time for fishing with seines and nets provided in Section 1817. The amended Act does not embrace the whole subject-matter found in Section 1817, and it was not the intention of the Legislature to repeal the "closed time" provision therein, or to confer the unlimited and unrestricted right to fish with nets and seines, etc., in the muddy water streams of the State.

The failure of the trial Judge to instruct the jury that the defendants might lawfully fish with seines and nets in the Santee River was in no way prejudicial. The defendants were not charged with violating any section of the Criminal Code by fishing in a muddy water stream, but were charged with the offense of fishing with a net on Tuesday, March 26, 1935, on which day such fishing was unlawful. It is to be noted, also, that even under the amendment invoked by the appellants, which permits fishing from November 1st to March 1st, they were outside of the law.

The exceptions are overruled, and the judgment of the lower Court is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Baker and Mr. Acting Associate Justice Gaston concur.