15643

BELL v. SOUTH CAROLINA STATE HIGHWAY DEPT.

(30 S. E. (2d), 65)

Au-
gust, 1943.

*John M. Daniel, Attorney General,* and *M. J. Hough* and
*T. C. Callison, Assistants Attorney General,* for Appellant,

*Mr. J. Frank Eatmon,* of Kingstree, S. C., Counsel for
Respondent,

May 8, 1944.

Mr. Associate Justice Fishburne delivered the unanimous Opinion of the Court:

This action was brought against the State Highway Department to recover damages for injuries sustained by the plaintiff on account of an obstruction which the defendant is alleged to have negligently permitted to remain upon a street constituting a link in the state system of highways within the corporate limits of the town of Lanes. The defendant demurred to the complaint upon the ground that it failed to state a cause of action, in that the State Highway Department was discharged from any liability under the facts alleged, by reason of Code, Section 5891, subsection (5). It was further contended that the action as brought was against the state without legislative authority. Although not so alleged, we take judicial notice of the fact that the town of Lanes has a population of less than 2,500.

The Circuit Court, in accordance with the contention of the plaintiff, held that under applicable statutes a distinct classification with reference to the liability of the department was created as between municipalities containing more than 2,500 inhabitants and those with a population of less than 2,500; and concluded that it was the legislative intent to give a right of action against the department for damages resulting to property or persons by reason of a defect in or negligent repair of any highway or section of a highway within the limits of a municipality of less than 2,500 inhabitants. Consequently the Court overruled the demurrer. The defendant appeals from this construction of the law.

The respondent places his main reliance to sustain the judgment, upon Code section 5887, in conjunction with Sec-

tion 5890-1 and related sections. Section 5890-1 was enacted in 1924, and by it the State Highway Department was "authorized, empowered and directed to work all streets leading through municipalities of less than twenty-five hundred (2,500) inhabitants that constitute or are a part of" the state system of roads. The Act, now incorporated in Section 5887, was adopted in 1928. The pertinent portion of it reads as follows: "Any person, firm or corporation who may suffer injury to his or her person or damage to his, her or its property by reason of a defect in any state highway, or by reason of the negligent repair of any state highway, or by reason of the negligent operation of any vehicle or motor vehicle in charge of the State Highway Department while said vehicle or motor vehicle is actually engaged in the construction or repair of any of the said highways, may bring suit against the State Highway Department for the actual amount of said injury or damage not to exceed in case of property damaged the sum of Fifteen Hundred Dollars, and in case of personal injury or death, not to exceed the sum of Four Thousand ($4,000.00) Dollars * * *."

The foregoing section is all-inclusive, and without doubt expressed the legislative intent that the highway department should be held responsible for injuries to persons or damage to property by reason of a defect in or negligent repair of any state highway within the state system of roads. It follows that, regardless of what might have been the extent of the department's liability within the meaning of Section 5890-1, that section insofar as it affected such liability was superseded by Section 5887, which made no distinction of any kind between municipalities through which state highways might run.

Appellant contends that if Section 5887 extended its liability to those portions of the state highway leading through municipalities, for injuries and damages such as are alleged in the complaint, the consent of the state

to be sued therefor was specifically withdrawn by Code, Section 5891. In brief, it is argued that any liability of appellant ends at the boundaries of municipalities without regard to population.

Code, Section 5891 with its sub-sections was enacted in 1938, Act June 11, 1938, 40 St. at Large, p. 1930. Sub-section (5), upon which appellant relies for reversal, provides: "It is hereby declared to be the purpose of this section to extend the jurisdiction of the State Highway Department with respect to state highways to include sections of state highways extending into and through municipalities and to authorize the state highway department to construct, reconstruct and maintain at its own cost all state highways within the limits of municipalities subject to the provisions of this section and other laws pertaining to state highways; provided, that all such work to be performed by the department shall be with the consent and approval of the proper municipal authorities and shall not result in the assumption by the said department of *any* liability whatever on account of damages to property, injuries to persons or death growing out of or in *any* way connected with the said work: provided, further, that any person, firm or corporation hereafter suffering damage to property or injuries or death by reason of the construction, reconstruction or maintenance of *any* highway or section of highway, as provided in this section, within the limits of *any* municipality of the State shall have such right of action against the municipality in which said damages, injuries or death may be suffered as is now provided by law applicable to municipalities, and the remedy thus afforded shall be *exclusive* * * *." (Emphasis added.)

When the law we have just quoted was passed, it is presumed that the Legislature was familiar with prior legislation dealing with the same subject, *State v. Hood,* 181 S. C., 488, 188 S. E., 134, including Code, Section 5887 which was enacted ten years before.

Section 5887, without restriction or qualification, authorities a right of action against the State Highway Department on account of damages suffered by reason of a defect in or negligent repair of any highway in the state system of roads, irrespective of political subdivision. Section 5891, subsection (5), restricts that responsibility; absolves the. highway department from all liability connected with the construction, reconstruction or maintenance of a street forming a link in any highway within the limits of any municipality of the state, and places such liability solely and exclusively upon the shoulders of the municipalities. We may note in passing, however, that sub-section (6) provides: "Where any person or firm, pursuant to a contract with the State Highway Department, is engaged in the construction or reconstruction of any state highway within the corporate limits of a municipality, such person or firm, and his or its indemnity bond, shall not be relieved of any liability by the provisions of this section."

It is obvious that there is a partial repugnance between Section 5887 and Section 5891 with reference to the extent of the department's liability, but this may be resolved without difficulty. By reference to section 8 of 40 St. at Large, p. 1932, it is seen that the Legislature was cognizant of this inconsistency, and took steps to obviate it. Although there is no specific reference to Code Section 5887, we find this provision in section 8: "All Acts or parts of Acts inconsistent with the provisions of this Act are hereby repealed to the extent of such inconsistency." This section clearly had the effect of repealing so much of Section 5887 as authorized a right of action against the State Highway Department for damages or injuries sustained on any portion of a state road within the limits of any municipality. Even without this repealing clause the result achieved would necessarily be the same. It would be our duty to reconcile, if possible, the provisions of the two statutes so as to render both operative; and this can easily

be done here, as indicated, without doing violence to either. See *State v. Hood, supra.*

It follows from what has been said that the highway department is not liable for damages or injuries sustained on any section of a state highway within the boundaries of any municipality, arising out of construction, reconstruction or maintenance.

The action here, while against a department of the state government, is actually one against the state itself. And it is uniformly held that the consent of the state to be sued, being voluntary, may be withdrawn or modified by the state whenever it sees fit to do so. *United States Casualty Co. v. State Highway Department of South Carolina,* 155 S. C., 77, 151 S. E., 887.

It is argued by the respondent that the municipality, —in this instance the town of Lanes,—has no control or authority over the street or highway in question; that its entire maintenance and supervision is exclusively in the hands of the highway department, and that if the department may not be sued in a case of this kind, then the respondent is without remedy. Upon this theory it is pointed out that under Section 7345 municipalities are made liable for damages sustained from defective streets only where "such defect was occasioned by its neglect or mismanagement." Hence it is contended that where there is no power to control, there is no responsibility for a failure to repair, since the duty and its breach must concur to produce a right of action.

We think that this position is untenable. The plain and unambiguous language of the law (Section 5891, sub-section (5), is that all work of construction, reconstruction and maintenance by the department upon any section of a state highway within the limits of a municipality shall be performed "with the consent and approval of the proper municipal authorities." It is obvious that the statute does not

vest the department with absolute power or unlimited control as to such matters exclusive of the cities and towns through which the road passes. Consultation with the proper municipal officers must be had and their consent and approval obtained.

It is likewise clear that the assumption by the State Highway Department of the duty of maintenance in no way relieves municipalities of the fundamental responsibility, under Section 7345, to keep such streets or highways within their limits safe and free from obstructions. If the department fails in its duty then the municipalities must attend to it.

As was aptly said by the Louisiana Court (*Delahoussaye v. New Iberia*, 157 La., 782, 103 So., 152, 154), in discussing an analogous question: "Where a street is so selected, its selection gives to it what might be termed a dual aspect; that is to say, it then serves two purposes, one as a link in the state's highway system and the other as a street of the municipality." See, generally, Annotation, 144 A. L. R., 307.

In our opinion, the demurrer should have been sustained.

Judgment reversed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.