19035

Walter W. LEWIS, Otis L. Livington, and S. J. Pratt, as members of and constituting the South Carolina Alcoholic Beverage Control Commission, Appellants, v. Irene L. GADDY, Respondent.

(173 S. E. (2d) 376)

Messrs. *Daniel R. McLeod, Attorney General,* and *C. Tolbert Goolsby, Jr.* and *Michael W. Tighe, Assistant Attorneys General,* of Columbia, for Appellants,

*E. Windell McCracken, Esq.,* of Myrtle Beach, for Respondent.

April 7, 1970.

BUSSEY, Justice.

This is a proceeding instituted by the appellants as members of and constituting the South Carolina Alcoholic Beverage Control Commission, who, for simplicity, will hereinafter be referred to simply as the Commission. The respondent is the proprietress of a restaurant and bar known as "Gaddy's Owl Club", located at Myrtle Beach, South Carolina, and, in connection with such business there was issued to her by the Commission not only a beer and wine permit, but a permit for the possession and consumption of alcoholic liquors, pursuant to the respective applicable statutes.

On January 26, 1969, the husband of respondent, who was also her employee, was in charge of the place of business. He had parked upon an adjacent parking lot a Volkswagen which was locked. At the request of agents of the Commission, he opened the Volkswagen and allowed a search of the interior, which produced some twenty odd half pints of legal alcoholic liquors. Based thereupon this proceeding was instituted and, following a hearing, the Commission, on May 26, 1969, issued an order suspending respondent's permits for the remainder of the year, but allowing her to pay in lieu of such suspension a monetary penalty in the amount of $700.00. She paid the monetary penalty under protest and appealed to the Court of Common Pleas for Horry County.

That court reversed the findings of the Commission and held that respondent's employee was in lawful possession of the alcoholic liquors and that the Commission had therefore wrongfully penalized the respondent.

Although counsel for the parties state and argue two questions, the appeal, to our mind, presents only a single

question which, simply stated, is: Was the possession of the alcoholic liquors by the husband of respondent illegal? There was no charge or finding of fact to the effect that the possession was for an unlawful purpose, the only finding of fact by the Commission being the following:

"The Commission did find that one of your employees, on January 26, 1969, did illegally possess legal liquor on your licensed premises in that your employee did illegally possess legal liquor in his motor vehicle which was parked on your licensed premises on said date."

Respondent apparently concedes that if such possession was, in fact, illegal, she is subject to the penalty imposed. The Commission contends that the possession was illegal by virtue of the provisions of Sec. 4-95 of the 1962 Code of Laws, which Code section the lower court held was not here applicable or controlling.

Sec. 4-95, which has been a part of the statute law of this state since 1945, provides as follows:

"It shall be unlawful for any person to store or have in his possession any alcoholic liquors in his place of business other than a licensed liquor store."

Under prior decisions of this court construing this Code section, there is no doubt that the parking lot in the instant case was a part of the place of business of the respondent. Accordingly, it is clear that the possession here prior to the year 1967 would have been illegal, but in that year there was enacted by the General Assembly what has become commonly known as our unique "brown bagging law", Act No. 398 of the Acts of 1967, Section 10 of the said Act having been subsequently codified as Sec. 4-29 in the supplement to the 1962 Code of Laws. That section specifically made it lawful for any person to possess or consume alcoholic liquors on the premises of a business establishment such as that of the respondent, provided such business establishment has a possession and consumption permit issued by the Commission pursuant to statute. The respondent here

had such a permit. We quote the following pertinent and controlling provisions of Section 10 of the 1967 Act, now Code Section 4-29.

"A. *Notwithstanding any other provisions of law,* it shall be lawful, subject to the provisions of subsection 'B' of this section, for *any person* who is at least twenty-one years of age to transport, possess or consume lawfully-acquired alcoholic liquor in accordance with the following: (subsection B is not here pertinent)

"(1) *Any person* may transport alcoholic liquors to and from any place where alcoholic liquors may be lawfully possessed or consumed * * *.

"(4) *It shall be lawful for any person to possess or consume alcoholic liquors on the premises of any business establishment,* except on Sunday, provided the business establishment meets the following requirements:

"(a) The business is bona fide engaged primarily and substantially in the preparation and serving of meals or furnishing of lodging; and

"(b) The business has a permit from the Alcoholic Beverage Control Commission for this purpose * * *." (Emphasis added.)

The 1967 Act specifically repealed several Code sections but made no mention of Code Sec. 4-95. It is, of course, well settled that repeal by implication is not favored, and a law should not be construed as impliedly repealing a prior law unless no other reasonable construction can be applied. See cases collected in West's South Carolina Digest, Statutes, Key No. 157.

Statutes *in pari materia,* such as Code Sections 4-95 and 4-29, have to be construed together and reconciled, if possible, so as to render both operative. See cases collected in West's South Carolina Digest, Statutes, Key No. 223.2. Statutes which are criminal or penal in nature are strictly construed against the state. See cases

collected in West's South Carolina Digest, Statutes, Key No. 241. All rules of statutory construction are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose. See cases collected in West's South Carolina Digest, Statutes, Key No. 181.

In accordance with the last mentioned rule of construction, if the legislative intent is expressed in clear and unambiguous language, there is no room for construction and no need for resort to the other rules of construction above mentioned. In the present case we think there is no need for resort to such rules of construction, but if resorted to, they reinforce the conclusion which we reach.

It is obvious, we think, from the plain and clear language of Sec. 4-29 that it was 'the legislative intent and purpose to allow both the possession and consumption of alcoholic liquors upon the premises of a business establishment meeting the requirements of that particular section, notwithstanding the provisions of Code Sec. 4-95. Section 4-95 remains in full force and effect as to places of business not within the purview of Section 4-29, but was by Section 4-29 clearly modified so as to remove and exempt from the application of Sec. 4-95 the place of business here involved. Section 4-29 commences with the language, "Notwithstanding any other provision of law, it shall be lawful, etc."

The Commission contends, *inter alia*, that the words "any person", appearing repeatedly in Code Sec. 4-29, did not refer to and include the employer or employees of a business establishment holding a possession and consumption permit. Suffice it to say that had the General Assembly seen fit when it enacted Sec. 4-29 to prohibit possession, consumption and transportation by the proprietor or the employees of an establishment holding a possession and consumption permit, it could easily have done so. Instead, it

repeatedly used the phrase "any person", excluding only persons under twenty-one years of age.

The Commission argues that the parking lot here was a part of the premises of the business establishment for the purpose of Code Sec. 4-95, but that, under Regulation 16 of the Commission, the parking lot was not a part of the "premises" of a business establishment holding a possession and consumption permit and that hence Sec. 4-95 is applicable and controlling. We refrain from here passing upon the validity or effect of said regulation, as such is unnecessary to a disposition of the appeal.

For the purposes of the instant case, it makes no difference whether the parking lot was or was not a part of the premises of the business establishment. If it was a part of the premises, it follows that the possession was expressly permitted and lawful. If the parking lot was not a part of the premises, Sec. 4-29 specifically makes it lawful for *any person* to transport alcoholic liquors to and from any place where alcoholic liquors may be lawfully possessed or consumed. Persons cannot possibly transport alcoholic liquors to and from an establishment holding a possession and consumption permit without being in possession of such in an area immediately adjacent to such business establishment. It follows that mere possession of alcoholic liquors, in such an area, of necessity is expressly permitted by statute and is, therefore, not illegal.

. For the foregoing reasons we conclude that the appeal is without merit and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and Lewis and Brailsford, JJ., concur.

Littlejohn, J., dissents.

Littlejohn, Justice (dissenting):

I respectfully dissent and would reverse the order of the lower court, and would hold that the possession of alcoholic

liquors by the husband of the respondent in the parking lot of the restaurant was illegal.

Under the view I take, Act 398 of the Acts of 1967, now codified as Section 4-29, did not repeal, expressly or by implication, any part of Section 4-95. The two sections are capable of reasonable reconcilement. They are not plainly repugnant. It was not the intent of the legislature to legalize the possession of alcoholic liquors by employees of restaurant operators who have procured a possession and consumption license. On the other hand it was clearly the intention of the legislature to so amend the law that only customers at a licensed restaurant may possess and drink alcoholic beverages on the premises incident to serving of meals.

In order to determine the true intent of the legislature it is necessary to view the law (1) as it was prior to the amendment, (2) to consider those statutes expressly repealed, (3) to consider those existing statutes intentionally retained, and (4) to consider the possession and consumption amendment itself. The obvious overall purpose of the amendment should be considered.

In *City of Spartanburg v. Leonard,* 180 S. C. 491, 186 S. E. 395 (1936), this court said:

"In ascertaining the intent of the Legislature, the court is not to be governed by the apparent meaning of words found in one clause, sentence, or part of the act, but by a consideration of the whole act, read in the light of conditions and circumstances as they appeared to the Legislature, and the purpose sought to be accomplished."

The emphasis which the majority opinion places on "notwithstanding any other provision of law" and "any person" is not warranted when one considers the purpose which the amendment seeks to accomplish. These words must be interpreted in the light of the fact that Section 4-95 was not repealed.

Section 4-95 (retained by legislature) reads in part as follows:

."Unlawful possession.—It shall be unlawful for any person to store or have in possession any alcoholic liquors in his place of business other than a licensed liquor store. A place of business shall include:

"(1) any place where goods, wares or merchandise are sold, offered for sale or distributed, and also places of amusement; * * *."

This section was obviously originally enacted and has been intentionally retained by the legislature in order to prohibit the owner of an establishment from keeping in possession liquor in *"his* place of business." It is directed toward all business establishments except liquor stores. The purpose is to aid in law enforcement, to limit sales of liquor to liquor stores, and prohibit bootlegging. If owners and all employees of licensed restaurants are permitted to possess liquor in the restaurant and in the parking lot, a near hopeless law enforcement problem is created and it is reasonable to assume that such was not intended. The legislature appreciated the fact that it was not necessary to repeal Section 4-95 in order to permit customers at a restaurant to drink legally. If it had been the intent of the legislature to legalize possession and consumption by the operator and employees of a licensed restaurant this section would have been repealed or amended. It was retained so as to exempt owners and employees from the new law. This section is directed to a specific class of individuals, namely, operators of business houses. It has a purpose different from Section 4-29.

Section 4-96 (expressly repealed) read as follows:

"Liquor not to be kept in certain places.—It shall be unlawful for any person to have in his possession for any purpose any quantity of such liquors in any room in which or in connection with which there is maintained or conducted any place of amusement, clubhouse, fraternity house, lodge or meeting place, cafe, rest room, store, office, shop or

factory and no such place shall be considered a residence within the meaning of this section."

This section was directed to "any person" and it is this section which (prior to the amendment) made it unlawful to possess and drink alcoholic liquors in a restaurant. It was repealed because repeal was necessary to accomplish the purpose of the possession and consumption amendment.

Section 4-402 (expressly repealed) read in part as follows:

"Resorts for drinking declared nuisance.—All places where persons are permitted to resort for the purpose of drinking alcoholic liquors or beverages are hereby declared nuisances * * *."

This section was also repealed because repeal was necessary in order to accomplish the purpose of the possession and consumption amendment.

The conflict in the law arises because Section 4-95 prohibits Mrs. Gaddy and her employees from having in possession liquor at the restaurant, whereas Section 4-29 permits any person to possess liquor at her licensed eating place. The first statute is directed to a specific class, and the second statute is a generalization. The first was retained to limit the second.

It would seem apparent that the purpose of the amendment was solely to legalize the consumption of alcoholic liquor in licensed restaurants by patrons. Possession of the liquor and transportation of it to and from the restaurant is expressly permitted because transportation to and from and possession at a restaurant are essenital to consumption.

The legislature repealed Sections 4-96 and 4-402 because these sections were inconsistent with patrons drinking on the premises of a licensed restaurant, and that is what the legislature intended to legalize. Simultaneously, the legislature retained Section 4-95 intact because it is not inconsistent with patrons drinking at a licensed restaurant. It is

inescapable that the legislature intended that it continue to be unlawful for owners of places of business, including licensed restaurants, to possess legal liquor.

It was held in *State v. Hood,* 181 S. C. 488, 188 S. E. 134 (1936):

"It is presumed that the Legislature was familiar with prior legislation, and that if it intended to repeal existing laws it would have expressly done so; hence, if by any fair or liberal construction two acts may be made to harmonize, no court is justified in deciding that the last repealed the first."

Repeal of statutes by implication is not favored. Courts should be slow to hold that a statute has been repealed by implication and should avoid so holding if it can be done on any reasonable hypothesis and can arrive at another result by any construction which is fair and reasonable.

"Where a statute expressly repeals specific acts, there is a presumption that it was not intended to repeal others not specified. In such case there is an implied approval of the statutes not specified, as well as evidence of an intention to leave them undisturbed, and the doctrine of implied repeal does not apply." 82 C. J. S. Statutes § 289 (1953).

The two statutes can be reconciled and are susceptible of a construction which will render both operative without doing violence to either. It is the duty of the court to so construe them.

"Legislative Intent as Controlling Factor.—The question whether a new act works an implied repeal of an existing statute is one of legislative intention in the enactment of the alleged repealing act. When such intention of the legislature can be ascertained, it is the duty of the courts to give it force and effect, since the intent of the law is its vital force, and the province of the courts is to ascertain and effectuate the valid legislative intent. Indeed, one statute will not be held to repeal another by implication unless it appears,

from the terms and provisions of the later act, that it was the inention of the legislature to enact a new law in place of the old. Moreover, a repeal by implication will be carried no further than is required to gratify the legislative intent manifested in the later act. It should not be so extended as to include cases not within the intention of the legislature." 50 Am. Jur. Statutes § 535 (1944).

In *Stone & Clamp v. Holmes,* 217 S. C. 203, 60 S. E. (2d) 231 (1950), this court said:

"It is a well settled principle of law that where two statutes are in apparent conflict, they should be so construed, if reasonably possible, as to allow both to stand and to give force and effect to each. The primary endeavor is to ascertain and give effect to the manifest intention of the legislature."

The majority opinion holds that the language of the amendment makes it plain and clear that the legislature intended to allow the possession and consumption of alcoholic liquors by the operators and employees of a licensed restaurant. The effect of this is to say that there is no conflict requiring an interpretation by this court. I disagree. There is nothing in either the old law or the new to indicate that the legislature sought to liberalize the liquor law so as to permit restaurant owners and employees to possess liquor and drink on the premises. I am convinced that there is a conflict and that a practical, reasonable and fair interpretation consonant with the purpose, design and policy of the lawmakers require a *contra* ruling.