## 20912

CULLUM MECHANICAL CONSTRUCTION, INC. and Mechanical Contractors Association of South Carolina, Appellants, v. CITY OF CHARLESTON, City of Charleston Board of Examiners of Plumbers, Cecil F. Jacobs, *Ex Officio* Chairman, and John H. Sawadske and G. Edward Rhodes, members of County Council of Charleston County, and Charleston County Plumbing Examining Board, E. J. Heins, Jr., Chairman, and Ernest Masters, Jr., Andrew Lambright, C. B. Otherson and William Harleston, Members, Respondents.

(253 S. E. (2d) 106)

*Barr & McIntosh,* Charleston, *for appellants.*

*Long & Smith,* Charleston, *for respondents County Council* of *Charleson Co., et al.*

*Gerald A. Kaynard,* Charleston, *for respondent City of Charleston Bd. of Examiners of Plumbers.*

March 13, 1979.

LEWIS, Chief Justice:

The question to be decided in this appeal is whether one who has been licensed by the State of South Carolina to engage in mechanical contracting pursuant to Section 40-11-10 *et seq.* of the 1976 Code of Laws must also qualify as such mechanical contractor under local and city licensing requirements established pursuant to Code Sections 40-49-10 *et seq.* and 40-49-210 *et seq.*

The General Assembly has created a State Licensing Board for contractors (State Board), Section 40-11-20; and, pertinent here, has made it unlawful for any person within the statutory definition of a "mechanical contractor" to engage or offer to engage in mechanical contracting in the State without having first obtained a license from the State Board, Section 40-11-100. The statute contemplates an examination by the State Board to determine the qualifications of each applicant and, if the result of the examination of any applicant is satisfactory to the State Board, the State Board is required to issue to the applicant a license to engage in the business of a mechanical contractor "in the State." Code Sections 40-11-130 and 40-11-140.

Code Section 40-11-10 defines a mechanical contractor as "one who for a fixed price, commission, fee or wage undertakes or offers to undertake any plumbing, heating, air conditioning or electrical work when the cost of the undertaking is ten thousand dollars or more."

The foregoing statutory provisions clearly authorize the holder of a license issued by the State Licensing Board for Contractors to engage in the business of a mechanical contractor anywhere within the State.

Appellant, Cullum Mechanical Construction, Inc. (Cullum) is in the mechanical contracting business and was issued a mechanical contractor's license by the State after its president, Furman Cullum, successfully completed the re-

quired examination. The license authorized Cullum to engage in the business of mechanical contracting in the State in the fields of air conditioning, plumbing and heating.

Cullum sought to engage in the plumbing business in the City and County of Charleston (respondents) but was denied the right to do so because Cullum lacked the required experience to be eligible to take the locally required examination for a plumber's license. Cullum then instituted this action seeking a declaratory judgment that persons holding a State mechanical contractor's license are exempt from local examination and licensing. Appellant, Mechanical Contractors Association of South Carolina, is an association of mechanical contractors residing or doing business in South Carolina and joins in the prosecution of this action because of the interest of its members in the application of the various relevant licensing statutes.

Respondents contend that they have the authority, under Code Sections 40-49-10 *et seq.* and 40-49-210 *et seq.,* to prohibit a State licensed mechanical contractor from engaging in the plumbing business in the City and County of Charleston without a local plumber's license. These sections provide respectively for the establishment of municipal board of plumbing examiners in municipalities having populations of 15,000 inhabitants or more and county boards of plumbing examiners in counties having populations of over 150,-000 inhabitants. There are further provisions of these sections which state it is unlawful to engage in the plumbing business in any such municipality or county without a certificate of qualification from the respective examining boards.

Respondents argue that, because of the health problems involved in the installation and operation of local water systems, the General Assembly intended by the foregoing sections to preserve local control over the examination and licensing of those engaging in the plumbing business in the designated municipalities and counties.

Appellants contend, on the other hand, that the enactment of Code Section 40-11-10 *et seq.* for the licensing by the State of mechanical contractors indicates such licensing is a matter of statewide concern. They argue, therefore, that once a contractor obtains a State mechanical contracting license to engage in plumbing, municipal and county authorities must recognize and give due effect to the State license. Appellants assert that municipalities and counties are powerless to proscribe activity which has been specifically authorized by the State.

The master, to whom the issues were referred concluded that the license issued by the State had preemptive effect and excluded the power of the cities and counties to require a further license in such instances. Upon exceptions, the trial judge reversed the master and held that the State license did not preclude the authority of the designated cities and counties to examine and license plumbers. This appeal challenges the conclusion of the trial judge. We reverse.

We think that the code provisions in question can be consistently construed so as to render each operative within its intended scope. This accords with the general rule of construction that "Statutes in pari materia . . . have to be construed together and reconciled, if possible, so as to render both operative." *Lewis v. Gaddy,* 254 S. C. 66, 173 S. E. (2d) 376.

Section 40-11-10 *et seq.* is not a comprehensive licensing statute but only authorizes the State Board to license mechanical contractors who engage in the performance of contracts involving ten thousand dollars or more. Thus, mechanical contractors, including plumbers, who engage solely in contracts involving less than ten thousand dollars are not covered under the State licensing provisions of Section 40-11-10 *et seq.,* but are subject to the licensing requirements of municipalities and counties pursuant to Sections 40-49-10 *et seq.* and 40-49-210 *et seq.*

Section 40-11-10 *et seq.* plainly requires licensing by the State of mechanical contractors who engage in contracts involving sums of ten thousand dollars or more. There are no statutory exceptions to its statewide application and one so licensed can engage in the authorized business anywhere "in the State." This leaves municipalities and counties with the authority, under Sections 40-49-10 *et seq.* and 40-49-210 *et seq.*, to examine and license plumbers who engage solely in the performance of contracts involving sums less than ten thousand dollars.

This interpretation gives meaning and effect to all of the statutes in question, which is consistent with the settled principle that all statutes covering the same subject must be given effect, if it can be done by any reasonable construction. The interpretation urged by respondents and adopted by the lower court would render the State licensing statute of little or no effect.

In order to define the issues in this case, appellants state in their brief that they do not question the right of any municipal or county government to enact plumbing codes, inspect all plumbing work, and determine whether or not construction and installation of plumbing systems are proper and safe and have met the requirements of the standard building code.

The judgment under appeal is, therefore, reversed and the cause remanded to the lower court for entry of judgment in favor of appellants in accordance with this opinion.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.